G. David Godwin, No. 148272
Raymond J. Tittmann, No. 191298
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: 415.989.5900
Facsimile: 415.989.0932
Email: dgodwin@cbmlaw.com
rtittmann@cbmlaw.com

Attorneys for Defendant
The Continental Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Franklin Ham and Dana Ham,<br><br>    Plaintiffs,<br><br>v.<br><br>The Continental Insurance Company; and Does 1 through 50,<br><br>    Defendants. | No. CV 08 1551 SC<br><br>**DEFENDANT THE CONTINENTAL INSURANCE COMPANY'S MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES**<br><br>Date: May 23, 2008<br>Time: 10:00 a.m.<br>Courtroom: 1<br><br>**Hon. Samuel Conti** |

**I.   NOTICE OF MOTION AND MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES**

On May 23, 2008 at 10:00 a.m., in the courtroom of the Honorable Samuel Conti, Defendant The Continental Insurance Co. ("Continental") will move and hereby does move for an order striking Plaintiffs Franklin and Dana Ham's claim for punitive damages. *See* Complaint[1] ¶ 27, at 8:17-18 (Plaintiffs' allegation seeking punitive damages).

---

[1] "Complaint" refers to Plaintiffs' First Amended Complaint, filed Feb. 14, 2008. The Complaint and all of its exhibits are attached as Exhibit 1 to the Declaration of Raymond J. Tittmann in Support of Continental's Motion To Strike Plaintiffs' Claim for Punitive Damages, filed simultaneously.

CBM-IPG\SF396229.2

Continental moves to strike Plaintiffs' punitive damage claim because Plaintiffs' base their claims on an assignment from Continental's alleged policyholder Ecklund Insulation, Inc. ("Ecklund Insulation"). Complaint ¶ 18, at 6:11 (acknowledging that Plaintiffs are suing as assignees). But California law does not allow assignment of punitive damages. *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 942 (1976).

## II. MEMORANDUM OF POINTS AND AUTHORITIES

### A. Statement of Issues To Be Decided [Pursuant to Civil L.R. 7-4(3)]

Continental's Motion To Strike presents the Court with only one factual issue, which Plaintiffs answer in their own Complaint, and one legal issue, which is answered by the California Supreme Court:

| Issue | Answer |
|---|---|
| 1. Is Plaintiffs' Complaint based on an assignment from alleged policyholder Ecklund Insulation? | Yes. "Plaintiffs sue the Defendants as the assignee of the Insured's causes of action." Complaint ¶ 18, at 6:11-12. |
| 2. Does California law prohibit the assignment of a claim for punitive damages? | Yes. "[B]ecause a purely personal tort cause of action is not assignable in California, … damage for emotional distress is not assignable. The same is true of a claim for punitive damage." *Murphy*, 17 Cal. 3d at 942. |

### B. Factual and Procedural Background[2]

In August 2006, Plaintiffs Franklin and Dana Ham added Ecklund Insulation, to an asbestos personal injury lawsuit titled *Franklin Ham and Dana Ham v. Acco-Air Conditioning Co., et al.*, Case No. 455063 (San Francisco Super Ct., filed Aug. 11, 2006) (the "Underlying Action"). Complaint, Ex. D. Ecklund Insulation, which is not a party to this Action, is a "defunct" corporation, whose charter was revoked over 25 years ago. Complaint ¶ 12. Ecklund Insulation therefore did not answer the complaint in the Underlying Action, and Plaintiffs obtained a default judgment. Complaint ¶ 14.

Jerry Ecklund, President of Ecklund Insulation when it still existed, then purportedly assigned Ecklund Insulation's claims under an alleged insurance policy[3]

---

[2] Because this Motion To Strike must assume the facts as pled, this factual background is based on Plaintiffs' allegations in their Complaint, and does not necessarily state Continental's position with respect to any fact.

CBM-IPG\SF396229.2                                  2

claimed to have been issued over 40 years ago by Continental's predecessor, The Glens Falls Insurance Co.  Complaint ¶ 18, Ex. F.

Pursuant to this alleged assignment, Plaintiffs filed suit against Continental, and served the First Amended Complaint on February 20, 2008.  The Complaint alleges breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief against Continental.  Continental timely removed the action on March 20, 2008 to this United States District Court, Northern District of California.

Plaintiffs' Complaint is premised entirely on the claimed assignment from Ecklund Insulation: "Plaintiffs sue the Defendants as the assignee of the Insured's causes of action."  Complaint ¶ 18.

### C. Legal Analysis

Continental's motion to strike seeks simply to enforce a well-established doctrine in California that a claim for punitive damages cannot be assigned:

> [B]ecause a purely personal tort cause of action is not assignable in California, ... damage for emotional distress is not assignable.  The same is true of a claim for punitive damage.

*Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 942 (1976) (citations omitted).

More recently, California acknowledged this rule in the insurance context:

> [The policyholder] could not, as a matter of law, have assigned to the [claimants/plaintiffs] any claim for ... punitive damages ....
> These are 'purely personal' claims and are not assignable.

*Archdale v. American International Spec. Lines Insur. Co.*, 154 Cal. App. 4th 449, 460 n.10 (2007) (Croskey, J.).

Finally, this Court has also applied the doctrine to strike a punitive damage claim against an insurance company.  *Fireman's Fund Insur. Co. v. National Bank for Cooperatives*, Case No. 92-2667 BAC, 1993 WL 341274, *12 (N.D. Cal. Aug. 27, 1993) (Caufield, J.) ("as this court has already held, claims for punitive damages are not assignable in California").

---

[3] Plaintiffs have not presented a copy of the alleged insurance policy; an unauthenticated "Certificate of Insurance" from a third party is the sole evidence.  Complaint ¶ 13, Ex. A.

"No further discussion of this point is necessary." *Jackson v. Rogers & Wells*, 210 Cal. App. 3d 336, 349 (1989) (summarily affirming order striking a claim for punitive damages *without* leave to amend in light of the established California Supreme Court authority) (citing *People v. Superior Court*, 9 Cal. 3d 283, 287 (1973) and *Murphy*).

Here, Plaintiffs readily admit that their claims are based on the assignment from the alleged policyholder, Ecklund Insulation: "Plaintiffs sue the Defendants as the assignee of the Insured's causes of action." Complaint ¶ 18. By law, that assignment cannot include any claim for punitive damages.

Plaintiffs claim for punitive damages (Paragraph 27, at 8:17-18[4]) is therefore "redundant, immaterial, impertinent or scandalous matter" within the meaning of Rule 12(f).[5] *See Tapley v. Lockwood Green Engineers, Inc.*, 502 F.2d 559, 560 (8th Cir. 1974) (striking prayer for damages in wrongful death action because it exceeded maximum permitted by statute); *Bureerong v. Uvawas*, 922 F.Supp. 1450, 1479 n.34 (C.D. Cal. 1996) (striking claim for punitive damages because "a motion to strike may be used to strike any part of the prayer for relief when the damages sought are not recoverable as a matter of law"). "A motion to strike is appropriate to address requested relief, such as punitive damages, which is not recoverable as a matter of law." *Wilkerson v. Butler*, 229 F.R.D. 166, 172 (E.D. Cal. 2005) (striking claim for punitive damages).

Plaintiffs' claim for punitive damages is not recoverable as a matter of law and should therefore be stricken. Moreover, the Court should strike that claim *without* leave to amend, as the Court did in *Jackson v. Rogers & Wells*, 210 Cal. App. 3d at 349. Plaintiffs have already acknowledged by pleading that their suit is based on an assignment from the alleged policyholder, and any allegation to the contrary would not comply with Rule 11.

---

[4] Plaintiffs do not reiterate a claim for punitive damages in their Prayers for Relief, so the allegation at the conclusion of the Second Cause of Action is the only line that must be stricken.

[5] All references to a "Rule" refer to the Federal Rules of Civil Procedure.

D.  **Conclusion**

Continental therefore asks the Court to strike Plaintiffs' claim for punitive damages (Paragraph 27, at 8:17-18) without leave to amend.

Dated: March 27th, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____
G. David Godwin
Raymond J. Tittmann
Attorneys for Defendant
The Continental Insurance Company