*EXHIBIT* C

1 | Jack K. Clapper (State Bar No. 83207)
2 | Steven J. Patti (State Bar No. 163773)
CLAPPER, PATTI, SCHWEIZER & MASON
Marina Office Plaza
3 | 2330 Marinship Way, Suite 140
Sausalito, CA 94965
4 | Telephone: (415) 332-4262
Facsimile: (415) 331-5387
5 |

ENDORSED
F I L E D
San Francisco County Superior Court

AUG 1 1 2006

CASE MANAGEMENT GORDON PARK-LI, Clerk

BY: CHRISTINA E. BAUTISTA
Deputy Clerk

6 | Attorneys for Plaintiffs

AUG 1 5 2007  -1⁰⁰PM

DEPARTMENT 206

8 | SUPERIOR COURT OF THE STATE OF CALIFORNIA

9 | CITY AND COUNTY OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION

10 |

11 | FRANKLIN HAM and DANA HAM,                    ) Case No. CGC-06-455063
12 |              Plaintiffs,                      )
                                                   ) COMPLAINT FOR PERSONAL INJURY
13 | v.                                            )
                                                   )
14 | ACCO-AIR CONDITIONING COMPANY,                ) (ASBESTOS)
INC.; ACCO ENGINEERED SYSTEMS,                     )
15 | INC.; AJAX BOILER, INC.; AJAX                  )
BOILER & HEATER CO.; AMERICAN                      )
STANDARD INC.; ASBESTOS                            )
16 | CORPORATION, LTD.; CBS                         )
CORPORATION fka Viacom, Inc.,                      )
17 | Successor by merger to CBS                     )
Corporation; CERTAINTEED                           )
18 | CORPORATION; CRANE COMPANY; CSR               )
Limited (Colonial Sugar                            )
19 | Refining); CROWN, CORK & SEAL                  )
COMPANY, INC.; D. CUMMINS                          )
20 | CORPORATION fka Valley Asbestos; )
D/C DISTRIBUTION CORPORATION fka                   )
21 | Moran Supply; FOSTER WHEELER                   )
CORPORATION; GENERAL ELECTRIC                      )
22 | COMPANY; GRINNELL CORPORATION;                 )
INTERNATIONAL ENVIRONMENTAL                        )
23 | SYSTEMS CORPORATION; J. T.                     )
THORPE & SON, INC.; KAISER                         )
24 | GYPSUM COMPANY; METALCLAD                      )
INSULATION CORPORATION; OWENS-                     )
25 | ILLINOIS, INC.; PARKER HANNIFIN               )
CORPORATION; PIERCE LATHING                        )
26 | COMPANY fka Frank D. Smith;                    )
PLANT INSULATION COMPANY; PLANT                    )
27 | PRODUCTS & SUPPLY COMPANY;                     )
RECORD SUPPLY; THOMAS DEE                          )
28 | ENGINEERING COMPANY; UNIROYAL                  )

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury

HOLDING, INC.; and DOES ONE )
through SEVENTY-FIVE, inclusive, )
                                )
    Defendants.                 )
                                )

## GENERAL ALLEGATIONS

1.   The true names and capacities, whether individual, corporate, associate, governmental or otherwise, of defendants FIRST DOE through SEVENTY-FIFTH DOE, inclusive, are unknown to plaintiffs at this time, who therefore sue said defendants by such fictitious names.  When the true names and capacities of said defendants have been ascertained, plaintiffs will amend this complaint accordingly.  Plaintiffs are informed and believe, and thereon allege, that each defendant designated herein as a DOE is responsible, negligently or in some other actionable manner, for the events and happenings hereinafter referred to, and caused injuries and damages proximately thereby to the plaintiff, as hereinafter alleged.

2.   At all times herein mentioned, each of the defendants, except as otherwise alleged, was the agent, servant, employee and/or joint venturer of his co-defendants, and each of them, and at all said times, each defendant was acting in the full course and scope of said agency, service, employment and/or joint venture. Plaintiffs do not allege that Asbestos Corporation Ltd. was the agent, servant, employee and/or joint venturer of any entity during any of the years Asbestos Corporation Ltd. was owned by any governmental agency.  Certain defendants agreed and conspired among themselves, and with certain other individuals and/or entities, to act, or not to act, in such a manner that resulted in injury to the

CLAPPER, PATTI,
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

1  plaintiff; and such defendants, as co-conspirators, are liable for
2  the acts, or failures to act, of the other conspiring defendants.
3  Plaintiffs do not allege that Asbestos Corporation Ltd. conspired
4  with any entity during any of the years Asbestos Corporation Ltd.
5  was owned by any governmental agency. Plaintiffs are informed and
6  believe, and allege, that at all times herein mentioned defendants
7  FIRST DOE through SEVENTY-FIFTH DOE, inclusive, were and are
8  authorized to do business in the State of California, that said
9  defendants have regularly conducted business in the County of San
10 Francisco, State of California, and that certain of said defendants
11 have designated the County of San Francisco as their principal
12 place of doing business within the State of California.

13              FIRST CAUSE OF ACTION -- NEGLIGENCE

14      PLAINTIFF COMPLAINS OF DEFENDANTS ACCO-AIR CONDITIONING
15 COMPANY, INC.; ACCO ENGINEERED SYSTEMS, INC.; AJAX BOILER, INC.;
16 AJAX BOILER & HEATER CO.; AMERICAN STANDARD INC.; ASBESTOS
17 CORPORATION, LTD.; CBS CORPORATION fka Viacom, Inc., Successor by
18 merger to CBS Corporation; CERTAINTEED CORPORATION; CRANE COMPANY;
19 CSR Limited (Colonial Sugar Refining); CROWN, CORK & SEAL COMPANY,
20 INC.; D. CUMMINS CORPORATION fka Valley Asbestos; D/C DISTRIBUTION
21 CORPORATION fka Moran Supply; FOSTER WHEELER CORPORATION; GENERAL
22 ELECTRIC COMPANY; GRINNELL CORPORATION; INTERNATIONAL ENVIRONMENTAL
23 SYSTEMS CORPORATION; J. T. THORPE & SON, INC.; KAISER GYPSUM
24 COMPANY; METALCLAD INSULATION CORPORATION; OWENS-ILLINOIS, INC.;
25 PARKER HANNIFIN CORPORATION; PIERCE LATHING COMPANY fka Frank D.
26 Smith; PLANT INSULATION COMPANY; PLANT PRODUCTS & SUPPLY COMPANY;
27 RECORD SUPPLY; THOMAS DEE ENGINEERING COMPANY; UNIROYAL HOLDING,

28

CLAPPER, PATTI
& HWEZER & MASON
1310 Mernship Way
Suite 140
Sausalito, CA 94965
(415) 331-4262

Franklin Ham/Complaint for Personal Injury                          3

1  INC., NAMED IN THE FIRST CAUSE OF ACTION, AND DOES ONE THROUGH

2  TWENTY-FIVE, AND FOR A CAUSE OF ACTION FOR NEGLIGENCE ALLEGES:

3      3.    Plaintiffs are informed and believe, and thereon allege

4  that at all times herein mentioned, defendants ACCO-AIR

5  CONDITIONING COMPANY, INC.; ACCO ENGINEERED SYSTEMS, INC.; AJAX

6  BOILER, INC.; AJAX BOILER & HEATER CO.; AMERICAN STANDARD INC.;

7  ASBESTOS CORPORATION, LTD.; CBS CORPORATION fka Viacom, Inc.,

8  Successor by merger to CBS Corporation; CERTAINTEED CORPORATION;

9  CRANE COMPANY; CSR Limited (Colonial Sugar Refining); CROWN, CORK &

10 SEAL COMPANY, INC.; D. CUMMINS CORPORATION fka Valley Asbestos; D/C

11 DISTRIBUTION CORPORATION fka Moran Supply; FOSTER WHEELER

12 CORPORATION; GENERAL ELECTRIC COMPANY; GRINNELL CORPORATION;

13 INTERNATIONAL ENVIRONMENTAL SYSTEMS CORPORATION; J. T. THORPE &

14 SON, INC.; KAISER GYPSUM COMPANY; METALCLAD INSULATION CORPORATION;

15 OWENS-ILLINOIS, INC.; PARKER HANNIFIN CORPORATION; PIERCE LATHING

16 COMPANY fka Frank D. Smith; PLANT INSULATION COMPANY; PLANT

17 PRODUCTS & SUPPLY COMPANY; RECORD SUPPLY; THOMAS DEE ENGINEERING

18 COMPANY; UNIROYAL HOLDING, INC., and FIRST DOE through SEVENTY-

19 FIFTH DOE, inclusive, were and are corporations organized and

20 existing under and by virtue of the laws of the State of

21 California, or the laws of some other state or foreign

22 jurisdiction, and that said defendants, and each of them, were and

23 are authorized to do and are doing business in the State of

24 California, that said defendants have regularly conducted business

25 in the County of San Francisco, State of California, and that

26 certain of said defendants have designated the County of San

27 Francisco as their principal place of doing business within the

28

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury         4

1  State of California.

2      4.    At all times herein mentioned, each of the defendants was
3  the successor, successor in business, successor in product line or
4  a portion thereof, assign, predecessor, predecessor in business,
5  predecessor in product line or a portion thereof, parent,
6  subsidiary, alter-ego, agent and/or fiduciary wholly or partially
7  owned by, or the whole or partial owner of or member in an entity
8  researching, studying, manufacturing, fabricating, designing,
9  labeling, assembling, distributing, leasing, buying, offering for
10  sale, selling, inspecting, servicing, installing, contracting for
11  installation, repairing, marketing, warranting, rebranding,
12  manufacturing for others, packaging and advertising a certain
13  substance, the generic name of which is asbestos, and other
14  products containing said substance.  Said entities shall
15  hereinafter collectively be called "alternate entities".  Each of
16  the herein named defendants are liable for the tortious conduct of
17  each successor, successor in business, successor in product line or
18  a portion thereof, assign, predecessor, predecessor in business,
19  predecessor in product line or a portion thereof, parent,
20  subsidiary, whole or partial owner, or wholly or partially owned
21  entity, or entity that it was a member of, or funded, that
22  researched, studied, manufactured, fabricated, designed, labeled,
23  assembled, distributed, leased, bought, offered for sale, sold,
24  inspected, serviced, installed, contracted for installation,
25  repaired, marketed, warranted, rebranded, manufactured for others
26  and advertised a certain substance, the generic name of which is
27  asbestos, and other products containing said substance.  The

28

CLAPPER, PATTI,
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury          5

following defendants, and each of them, are liable for the acts of each and every "alternate entity", and each of them, in that there has been a virtual destruction of plaintiff's remedy against each such "alternate entity"; defendants, and each of them, have acquired the assets, product line, or a portion thereof, of each such "alternate entity"; defendants, and each of them, caused the destruction of plaintiff's remedy against each such "alternate entity"; each such defendant has the ability to assume the risk-spreading role of each such "alternate entity"; and that each such defendant enjoys the goodwill originally attached to each such "alternate entity."

| DEFENDANT | ALTERNATE ENTITY |
|---|---|
| AMERICAN STANDARD, INC. | AMERICAN RADIATOR & STANDARD SANITARY CORP.<br>TRANE COMPANY<br>KEWANEE BOILER CO.<br>MURRAY IRON WORKS COMPANY<br>AMSTAN SUPPLY DIVISION<br>WESTINGHOUSE AIR BRAKE COMPANY (WABCO) |
| CERTAINTEED CORPORATION | KEASBEY & MATTISON<br>GUSTIN BACON MANUFACTURING CO. |
| CRANE CO. | CRANE SUPPLY CO.<br>PACIFIC STEEL BOILER CORPORATION |
| CROWN, CORK & SEAL COMPANY, INC. | MUNDET CORK CORPORATION |
| CSR LIMITED | COLONIAL SUGAR REFINING CO., LTD. |
| D. CUMMINS CORPORATION | VALLEY ASBESTOS |
| D/C DISTRIBUTION CORPORATION | AMFAC<br>HEICK & MORAN<br>MORAN SUPPLY |
| INTERNATIONAL ENVIRONMENTAL SYSTEMS CORPORATION | IBW ENVIRONMENTAL SYSTEMS CORP.<br>INTERNATIONAL BOILER WORKS COMPANY<br>LAMONT BOILER |

| | |
|---|---|
| KAISER GYPSUM COMPANY, INC. | PERMANENTE CEMENT COMPANY<br>KAISER CEMENT & GYPSUM CORPORATION<br>KAISER CEMENT CORPORATION |
| METALCLAD INSULATION<br>CORPORATION | NORTHERN CALIFORNIA INSULATION<br>COMPANY |
| OWENS-ILLINOIS, INC. | OWENS-CORNING FIBERGLAS<br>CORPORATION<br>OWENS-ILLINOIS GLASS CO.<br>AMERICAN STRUCTURAL PRODUCTS CO. |
| PARKER-HANNIFIN CORP. | SACOMO<br>SACOMO MANUFACTURING, INC.<br>SACOMO SIERRA, INC.<br>EIS |
| PLANT INSULATION COMPANY | ASBESTOS COMPANY OF CALIFORNIA<br>PLANT ASBESTOS COMPANY |
| UNIROYAL HOLDING, INC. | UNIROYAL, INC.<br>U. S. RUBBER |

5.   At all times herein mentioned, defendants, and each of them, were and are engaged in the business of researching, manufacturing, fabricating, designing, labeling, assembling, distributing, leasing, buying, offering for sale, selling, supplying, inspecting, servicing, installing, contracting for installation, repairing, removing and/demolishing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising a certain substance, the generic name of which is asbestos, and other products containing said substance.

6.   At all times herein mentioned, defendants, and each of them, singularly and jointly, negligently and carelessly researched, manufactured, fabricated, designed, tested or failed to test, warned or failed to warn, labeled, assembled, distributed, leased, bought, offered for sale, sold, supplied, inspected, serviced, installed, contracted for installation, contracting for

CLAPPER, PATTI,<br>SCHWEIZER & MASON<br>2330 Marinship Way<br>Suite 140<br>Sausalito, CA 94965<br>(415) 332 4262

1  fabrication, repaired, removed and/or demolished, marketed,

2  warranted, rebranded, manufactured for others, packaged and

3  advertised, a certain substance, the generic name of which is

4  asbestos, and other products containing said substance, in that

5  said substance proximately caused personal injuries to users,

6  consumers, workers, bystanders and others, including the Plaintiff

7  herein, (hereinafter collectively called "exposed persons"), while

8  being used in a manner that was reasonably foreseeable, thereby

9  rendering said substances unsafe and dangerous for use by "exposed

10  persons".

11      7.   Defendants, and each of them, had a duty to exercise due

12  care in the pursuance of the activities mentioned above and

13  defendants, and each of them, breached said duty of due care.

14      8.   Plaintiff has used, handled or been otherwise exposed to

15  asbestos and asbestos-containing products referred to herein in a

16  manner that was reasonably foreseeable.  Plaintiff's exposure to

17  asbestos and asbestos-containing products occurred at various

18  locations both within and outside the State of California. During

19  the following years plaintiff was employed by the following

20  companies: 1954, 1955, and 1956 employed by American Rubber Mfg.

21  Co. on the assembly line in Emeryville, California; 1957, 1958,

22  1959, and 1964 - 1965 by employed Boothe Sales, Inc., of Lafayette,

23  California, and worked on jobs at Heinz Ketchup, in Tracy,

24  California, and at a Santa Rosa automobile dealership, as a

25  pipefitter; 1958, 1959 employed by Gay Engineering Corp., of Los

26  Angeles, California, and worked on jobs at Olympic Village, Squaw

27  Valley, California, as a pipefitter; 1959, 1960, 1962, 1963, 1964,

28

CLAPPER, PATTI,
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury                8

1  1980, 1981, 1982, 1984, 1985, employed by Johnson Controls, and
2  worked at various sites both as an instrument technician and as a
3  pipefitter; 1975, 1976, 1977, employed by Bechtel Power Corp., of
4  San Francisco, California, and worked at various locations,
5  including sites within California, as a pipefitter. Plaintiff does
6  not claim he was exposed to Asbestos Corporation Ltd.'s asbestos
7  fibers during any of the years Asbestos Corporation Ltd. was owned
8  by any governmental agency.

9      Plaintiff's disability within the meaning of CCP 340.2 either
10 has yet to occur or occurred less than a year before the filing of
11 this complaint.

12     9.   As a direct and proximate result of the conduct of the
13 defendants, and each of them, as aforesaid, plaintiff's exposure to
14 defendants' asbestos fibers and defendants' asbestos-containing
15 products caused severe and permanent injury to the plaintiff
16 including, but not limited to, mesothelioma.

17     10.  Plaintiff is informed and believes, and thereon alleges,
18 that progressive lung disease, lung cancer and mesothelioma are
19 caused by inhalation of asbestos fibers without perceptible trauma
20 and that said disease results from exposure to asbestos and
21 asbestos-containing products over a period of time.

22     11.  Plaintiff suffers from mesothelioma, a condition related
23 to exposure to asbestos and asbestos-containing products.
24 Plaintiff was not aware at the time of exposure that asbestos or
25 asbestos-containing products presented any risk of injury and/or
26 disease.  The asbestos fibers and asbestos-containing products of
27 each named defendant and each DOE defendant were a substantial
28

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury                    9

factor in contributing to, and in causing, injury to plaintiff as set forth herein.

12. As a direct and proximate result of the aforesaid conduct of defendants, and each of them, plaintiff has suffered, and continues to suffer, permanent injuries and/or future increased risk of injuries to his person, body and health, including, but not limited to mesothelioma, and the mental and emotional distress attendant thereto, all to his general damage in the sum in excess of the jurisdictional limits of the Municipal Court.

13. As a direct and proximate result of the aforesaid conduct of the defendants, and each of them, plaintiff has incurred, is presently incurring, and will incur in the future, liability for physicians, surgeons, nurses, hospital care, medicine, hospices, x-rays and other medical treatment, the true and exact amount thereof being unknown to plaintiff at this time, and plaintiff prays leave to amend this complaint accordingly when the true and exact cost thereof is ascertained.

14. As a further direct and proximate result of the said conduct of the defendants, and each of them, plaintiff has incurred, and will incur, loss of income, wages, profits and commissions, a diminishment of earning potential, and other pecuniary losses, the full nature and extent of which are not yet known to plaintiff; and leave is requested to amend this complaint to conform to proof at the time of trial.

WHEREFORE, plaintiff prays judgment against defendants, and each of them, as hereinafter set forth.

/ / / / / / / / / / / /

CLAPPER, PATTI
S. HWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 331-4262

<u>SECOND CAUSE OF ACTION -- STRICT LIABILITY</u>

PLAINTIFFS COMPLAIN OF DEFENDANTS ACCO-AIR CONDITIONING COMPANY, INC.; ACCO ENGINEERED SYSTEMS, INC.; AJAX BOILER, INC.; AJAX BOILER & HEATER CO.; AMERICAN STANDARD INC.; ASBESTOS CORPORATION, LTD.; CBS CORPORATION fka Viacom, Inc., Successor by merger to CBS Corporation; CERTAINTEED CORPORATION; CRANE COMPANY; CSR Limited (Colonial Sugar Refining); CROWN, CORK & SEAL COMPANY, INC.; D. CUMMINS CORPORATION fka Valley Asbestos; D/C DISTRIBUTION CORPORATION fka Moran Supply; FOSTER WHEELER CORPORATION; GENERAL ELECTRIC COMPANY; GRINNELL CORPORATION; INTERNATIONAL ENVIRONMENTAL SYSTEMS CORPORATION; J. T. THORPE & SON, INC.; KAISER GYPSUM COMPANY; METALCLAD INSULATION CORPORATION; OWENS-ILLINOIS, INC.; PARKER HANNIFIN CORPORATION; PIERCE LATHING COMPANY fka Frank D. Smith; PLANT INSULATION COMPANY; PLANT PRODUCTS & SUPPLY COMPANY; RECORD SUPPLY; THOMAS DEE ENGINEERING COMPANY; UNIROYAL HOLDING, INC. AND DOES ONE THROUGH FIFTY, AND FOR A CAUSE OF ACTION FOR STRICT LIABILITY ALLEGES:

15.  Plaintiff incorporates herein by reference, as though fully set forth herein, paragraphs 1 through 4, and paragraphs 7 through 14.

16.  FIRST DOE through TENTH DOE is responsible for, and liable for the acts of ELEVENTH DOE through FIFTIETH DOE, inclusive. The defendants, their "alternate entities", and each of them, are corporations organized and existing under and by virtue of the laws of the State of California, or the laws of some other state or foreign jurisdiction, and said defendants, their "alternate entities", and each of them, were and are authorized to

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

1 do and are doing business in the State of California, and said
2 defendants, their "alternate entities", and each of them, have
3 regularly conducted business in the City and County of San
4 Francisco, State of California, during the period of Plaintiff's
5 employment.

6     17.  Defendants, their "alternate entities", and each of them,
7 researched, manufactured, fabricated, designed, tested or failed to
8 test, labeled, assembled, distributed, leased, bought, offered for
9 sale, sold, inspected, serviced, installed, contracted for
10 installation, repaired, marketed, warranted, rebranded,
11 manufactured for others, packaged and advertised a certain
12 substance, the generic name of which is asbestos, and other
13 products containing said substance.

14     18.  Defendants, their "alternate entities", and each of them,
15 knew and intended that the above referenced asbestos and other
16 products containing asbestos would be used by the purchaser or user
17 without inspection for defects therein or in any of its component
18 parts and without knowledge of the hazards involved in such use.

19     19.  Defendants, their "alternate entities," and each of them,
20 knew, or should have known, and intended that the aforementioned
21 asbestos and products containing asbestos would be used for
22 insulation purposes, would require sawing, chipping, hammering,
23 scraping, sanding, breaking, removal, "rip-out," and other
24 manipulation which would result in the release of airborne asbestos
25 fibers, and that through such foreseeable use "exposed persons"
26 would use or be in proximity to and exposed to said asbestos
27 fibers.

28

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury                    12

20. Said asbestos and products containing asbestos were defective and unsafe for their intended purpose in that the inhalation of asbestos fibers causes serious disease and/or death. The defect existed in the said products at the time they left the possession of defendants, their alternate entities, and each of them. Said products did, in fact, cause personal injuries, including asbestosis, other lung damage, and cancer to "exposed persons" while being used in a reasonably foreseeable manner, thereby rendering the same unsafe and dangerous for use.

21. "Exposed persons" did not know of the substantial danger of using said products. Said dangers were not readily recognizable by "exposed persons". Said defendants, their "alternate entities", and each of them, further failed to adequately warn of the risks to which plaintiff and others similarly situated were exposed.

22. Plaintiff alleges that the aforementioned defendants, their "alternate entities", and each of them impliedly warranted their asbestos and asbestos-containing products to be safe for their intended use but that their asbestos and asbestos- containing products created an unreasonable risk of bodily harm to exposed persons.

23. Plaintiff further alleges his injuries are a result of cumulative exposure to asbestos and various asbestos-containing products manufactured, fabricated, inadequately researched, designed, inadequately tested, labeled, assembled, distributed, leased, bought, offered for sale, sold, inspected, serviced, installed, contracted for installation, repaired, marketed, warranted, rebranded, manufactured for others, packaged and

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Hairr/Complaint for Personal Injury                    13

advertised by the aforementioned defendants, their "alternate entities", and each of them and that plaintiff cannot identify precisely which asbestos or asbestos-containing product(s) caused the injuries complained of herein.

24.  In researching, mining, shipping, manufacturing, fabricating, designing, testing or failing to test, warning or failing to warn, labeling, assembling, distributing, leasing, buying, offering for sale, selling, inspecting, servicing, installing, contracting for installation, repairing, marketing, warranting, rebranding, manufacturing for others, packaging and advertising asbestos and asbestos-containing products, defendants, their "alternate entities", and each of them, did so with conscious disregard for the safety of "exposed persons" who came in contact with said asbestos and asbestos-containing products, in that said defendants, their "alternate entities", and each of them, had prior knowledge that there was a substantial risk of injury or death resulting from exposure to asbestos or asbestos-containing products, including, but not limited to, asbestosis, other lung disabilities and cancer.  Said knowledge was obtained, in part, from scientific studies performed by, at the request of, or with the assistance of, said defendants, their "alternate entities", and each of them, and which knowledge was obtained by said defendants, their "alternate entities", and each of them on or before 1930, and thereafter.

25.  On or before 1930, and thereafter, said defendants, their "alternate entities" and each of them, were aware that members of the general public and other "exposed persons", who would come in

CLAPPER, PATTI
SCHWEIZER & MASON
2410 Mariaship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury                14

1  contact with asbestos and asbestos-containing products, had no
2  knowledge or information indicating that asbestos or
3  asbestos-containing products could cause injury, and said
4  defendants, their "alternate entities", and each of them, knew that
5  members of the general public and other "exposed persons", who came
6  in contact with asbestos and asbestos-containing products, would
7  assume, and in fact did assume, that exposure to asbestos and
8  asbestos-containing products was safe, when in fact said exposure
9  was extremely hazardous to health and human life.

10      26.  With said knowledge, said defendants, their "alternate
11  entities", and each of them, opted to research, manufacture, mine,
12  ship, fabricate, design, label, assemble, distribute, lease, buy,
13  offer for sale, inspect, service, install, contract for
14  installation, repair, market, warrant, rebrand, manufacture for
15  others, package and advertise said asbestos and asbestos-
16  containing products without attempting to protect "exposed
17  persons" from or warn "exposed persons" of, the high risk of injury
18  or death resulting from exposure to asbestos and
19  asbestos-containing products.  Rather than attempting to protect
20  "exposed persons" from, or warn "exposed persons" of, the high risk
21  of injury or death resulting from exposure to asbestos and
22  asbestos-containing products, defendants, their "alternate
23  entities", and each of them, intentionally failed to reveal their
24  knowledge of said risk, and consciously and actively concealed and
25  suppressed said knowledge from "exposed persons" and members of the
26  general public, thus impliedly representing to "exposed persons"
27  and members of the general public that asbestos and
28

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
-415/ 332-4262

Franklin Ham/Complaint for Personal Injury

1  asbestos-containing products were safe for all reasonably

2  foreseeable uses.  Defendants, their "alternate entities", and each

3  of them, engaged in this conduct and made these implied

4  representations with the knowledge of the falsity of said implied

5  representations.

6      27.  The above-referenced conduct of said defendants, their

7  "alternate entities", and each of them, was motivated by the

8  financial interest of said defendants, their "alternate entities",

9  and each of them, in the continuing, uninterrupted research,

10  manufacture, fabrication, design, labeling, assembly, design,

11  distribution, lease, purchase, sale, offer for sale, inspection,

12  installation, contracting for installation, repair, marketing,

13  warranting, rebranding, manufacturing for others, packaging and

14  advertising of asbestos and asbestos-containing products.  In

15  pursuance of said financial motivation, said defendants, their

16  "alternate entities", and each of them, consciously disregarded the

17  safety of "exposed persons" and were in fact consciously willing

18  and intended to permit asbestos and asbestos-containing products to

19  cause injury to "exposed persons" and induced persons to work with

20  and be exposed thereto, including plaintiff.

21      28.  Plaintiff relied upon defendants', their "alternate

22  entities" and each of their representations, lack of warnings, and

23  implied warranties of fitness of asbestos and their

24  asbestos-containing products.  As a direct, foreseeable and

25  proximate result thereof, plaintiff has been injured permanently as

26  alleged herein.

27      29.  Defendants, their "alternate entities, and each of them,

28

CLAPPER, PATTI
& HWEEZER & MASON
3330 Vartiship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

1 and their officers, directors and managing agents participated in,
2 authorized, expressly and impliedly ratified, and had full
3 knowledge of, or should have known of, each of the acts set forth
4 herein.

5   30.   Defendants, and each of them, are liable for the
6 fraudulent, oppressive, and malicious acts of their "alternate
7 entities", and each of them, and each defendants' officers,
8 directors and managing agents participated in , authorized,
9 expressly and impliedly ratified, and had full knowledge of, or
10 should have known of, the acts of each of their "alternate
11 entities" as set forth herein.  Plaintiffs do not allege any such
12 fraudulent, oppressive, or malicious acts by Asbestos Corporation
13 Ltd. during the years Asbestos Corporation Ltd. was owned by any
14 governmental agency.

15   31.   The above-referenced conduct of said defendants, their
16 "alternate entities", and each of them, was and is willful,
17 despicable, malicious, fraudulent, outrageous and in conscious
18 disregard and indifference to the safety and health of "exposed
19 persons".   Plaintiff, for the sake of example and by way of
20 punishing said defendants, seeks punitive damages according to
21 proof.

22   32.   As a direct and proximate result thereof, plaintiff has
23 suffered the injuries and damages previously alleged.

24 THIRD CAUSE OF ACTION - PREMISES OWNERS/GENERAL CONTRACTORS -
25 MISREPRESENTATION AND/OR FRAUDULENT CONCEALMENT

26   AS AND FOR A THIRD, SEPARATE, CAUSE OF ACTION FOR
27 MISREPRESENTATION AND/OR FRAUDULENT CONCEALMENT, PLAINTIFF

28

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Harv/Complaint for Personal Injury                17

1  COMPLAINS OF DOES ONE THROUGH SEVENTY-FIVE, inclusive, AND EACH OF
2  THEM, AND ALLEGES AS FOLLOWS:

3      33.   Plaintiff realleges and incorporates herein by reference
4  paragraphs 1 through 14 as though fully set forth herein.

5      34.   At relevant times defendants, and each of them, owned,
6  managed, and/or controlled certain premises in which asbestos-
7  containing products had been installed, maintained, used, and/or
8  replaced and as a result, dangerous quantities of asbestos fibers
9  were present on said premises.

10     35.   At relevant times said defendants knew that the asbestos-
11  containing products and the asbestos fibers released therefrom
12  created an unreasonable risk of harm to persons entering said
13  premises.

14     36.   At relevant times said defendants knew, or in the
15  exercise of ordinary care should have known, that said premises
16  would be entered by persons without knowledge of, or inspection
17  for, defects or dangerous conditions and that said persons would
18  not be aware of the aforesaid unreasonable risk of harm.
19  Defendants had a duty to disclose the presence of, and dangers
20  presented by, the asbestos-containing products and the asbestos
21  fibers released therefrom.

22     37.   Despite said knowledge, defendants misrepresented that
23  their premises was safe and free of defects, and/or failed to
24  disclose, and concealed, the presence of the asbestos-containing
25  products and asbestos fibers which created the unreasonable risk of
26  harm to persons entering said premises.

27     38.   In reliance upon the foregoing, plaintiff entered and
28

CLAPPER, PATTI,
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Harn/Complaint for Personal Injury                18

1  performed work in said premises which was to defendants' benefit
2  and advantage and at defendants' request and invitation.  In so
3  doing, plaintiff was exposed to dangerous quantities of asbestos
4  fibers.

5     39.  Plaintiff was unaware of the unreasonable risk of harm
6  created by the aforesaid presence of asbestos-containing products
7  and asbestos fibers on said premises.

8     40.  As a legal consequence of the foregoing, plaintiff
9  developed asbestos-related illness from which he suffers as
10 previously set forth and plaintiff has suffered general and special
11 damages as herein being alleged in an amount in excess of the
12 jurisdictional limits of the Municipal Court.

13 FOURTH CAUSE OF ACTION - PREMISES LIABILITY - NEGLIGENT EXERCISE OF
14 RETAINED CONTROL - RESTATEMENT SECOND OF TORTS, SECTION 414

15    AS AND FOR A FOURTH, SEPARATE, CAUSE OF ACTION FOR PREMISES
16 LIABILITY, PLAINTIFF COMPLAINS OF DOES ONE THROUGH SEVENTY-FIVE,
17 inclusive, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

18    41.  Plaintiff realleges and incorporates herein by reference
19 paragraphs 1 through 14 as though fully set forth herein.

20    42.  At all relevant times defendants, and each of them,
21 owned, managed, and/or controlled certain premises in which
22 asbestos-containing products were being, or had been, installed,
23 maintained, used, removed and/or replaced.

24    43.  At all relevant times said defendants knew, or in the
25 exercise of ordinary care should have known, that the presence,
26 and/or disturbance, of the asbestos-containing products would
27 create an unreasonable risk of harm to persons entering said

28

CLAPPER, PATTI,
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury                    19

1  premises.

2      44.  At all relevant times said defendants knew, or in the
3  exercise of ordinary and reasonable care should have known, that
4  work would be performed on said premises by persons without
5  knowledge of, or inspection for, defects or dangerous conditions
6  and that said persons would not be aware of the aforesaid
7  unreasonable risk of harm, and that without the implementation of
8  proper safety precautions, and/or the use of proper work practices,
9  the risk of serious personal injury would result.

10     45.  Despite said knowledge of the aforesaid unreasonable risk
11  of harm, defendants retained control of the work and negligently
12  failed to implement, and/or failed to have others implement, proper
13  safety precautions, and/or the use of proper work practices, with
14  the result that the asbestos-containing products created an
15  unreasonable risk of harm to persons entering said premises.

16     46.  Plaintiff entered and performed work in said premises
17  which was to defendants' benefit and advantage and at defendants'
18  request and invitation.  In so doing, plaintiff was exposed to
19  dangerous quantities of asbestos fibers.

20     47.  Plaintiff was unaware of the risk of harm created by the
21  aforesaid presence of asbestos products and materials on said
22  premises.

23     48.  At all times mentioned herein, said defendants, and each
24  of them, controlled the operative details of the work and
25  negligently failed to maintain, manage, inspect, survey, or control
26  said premises, or to abate or correct, or to warn plaintiff of the
27  existence of the aforesaid dangerous conditions and hazards on said

28
CLAPPER, PATTI,
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

1  premises.

2      49.  As a legal consequence of the foregoing, plaintiff

3  developed asbestos-related illness from which he suffered as

4  previously set forth and plaintiff has suffered general and special

5  damages as herein being alleged in an amount in excess of the

6  jurisdictional limits of the Municipal Court.

7  FIFTH CAUSE OF ACTION - PREMISES LIABILITY - NEGLIGENT PROVISION OF

8  UNSAFE EQUIPMENT - RESTATEMENT SECOND OF TORTS, SECTION 414

9      AS AND FOR A FIFTH, SEPARATE, CAUSE OF ACTION FOR PREMISES

10 LIABILITY, PLAINTIFF COMPLAINS OF DOES ONE THROUGH SEVENTY-FIVE,

11 inclusive, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

12     50.  Plaintiff realleges and incorporates herein by reference

13 paragraphs 1 through 14 as though fully set forth herein.

14     51.  At all relevant times defendants, and each of them,

15 owned, managed, and/or controlled certain premises in which

16 asbestos-containing products were being, or had been, installed,

17 maintained, used, removed and/or replaced.

18     52.  At all relevant times said defendants knew, or in the

19 exercise of ordinary care should have known, that the presence,

20 and/or disturbance, of the asbestos-containing products would

21 create a risk of harm to persons entering said premises.

22     53.  At all relevant times said defendants knew, or in the

23 exercise of ordinary and reasonable care should have known, that

24 work would be performed on said premises by persons without

25 knowledge of, or inspection for, defects or dangerous conditions

26 and that without the proper equipment the risk of serious personal

27 injury would result.

28

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Harr/Complaint for Personal Injury                    21

54.  Despite said knowledge of the aforesaid risk of harm, defendants negligently provided unsafe equipment which created a risk of harm to persons entering said premises.

55.  Plaintiff entered and performed work in said premises which was to defendants' benefit and advantage and at defendants' request and invitation.  In so doing, plaintiff was exposed to dangerous quantities of asbestos fibers.

56.  Plaintiff was unaware of the risk of harm created by the aforesaid presence of asbestos products and materials on said premises.

57.  As a legal consequence of the foregoing, plaintiff developed asbestos-related illness from which he suffered as previously set forth and plaintiff has suffered general and special damages as herein being alleged in an amount in excess of the jurisdictional limits of the Municipal Court.

SIXTH CAUSE OF ACTION - CONCEALED, PRE-EXISTING DANGEROUS CONDITION ON PREMISES

AS AND FOR A SIXTH, SEPARATE, CAUSE OF ACTION FOR A CONCEALED, PRE-EXISTING DANGEROUS CONDITION ON THE PREMISES, PLAINTIFF COMPLAINS OF DOES ONE THROUGH SEVENTY-FIVE, inclusive, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

58.  Plaintiff realleges and incorporates herein by reference paragraphs 1 through 14 as though fully set forth herein.

59   At relevant times defendants, and each of them, owned, managed, contracted to perform work within and/or controlled certain premises in which asbestos-containing products had been, or were being, installed, maintained, used, and/or replaced.

CLOPPER, PATTI,
SCHWEIZER & MASON
2310 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332 4262

Franklin Ham/Complaint for Personal Injury          22

60. At relevant times said defendants knew, or in the exercise of ordinary care should have known, that the presence of the asbestos-containing products and asbestos fibers created a concealed, per-existing hazardous condition on its premises.

61. At relevant times said defendants knew, or in the exercise of ordinary care should have known, that said premises would be entered by persons, including contractors and/or sub-contractors, who would be without knowledge of, or reasonably could ascertain the condition.

62. Despite said knowledge, defendants failed to maintain the premises free of defects, and/or failed to abate the asbestos-containing products and asbestos fibers which created the unreasonable risk of harm to persons entering said premises and failed to warn the persons entering said premises, including contractors and/or sub-contractors.

63. Plaintiff entered and performed work in said premises which was to defendants' benefit and advantage and at defendants' request and invitation. Due to defendants' negligent conduct, and/or the negligent conduct of persons for whom defendant is responsible, plaintiff was exposed to the aforementioned dangerous quantities of asbestos fibers which were present at said premises.

64. Both plaintiff and plaintiff's employer were unaware of, and could not reasonably ascertain, the aforesaid dangerous condition on said premises.

65. As a legal consequence of the foregoing, plaintiff developed asbestos-related illness from which he suffered as previously set forth and plaintiff has suffered general and special

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury                23

1   damages as herein being alleged in an amount in excess of the
2   jurisdictional limits of the Municipal Court.

3                SEVENTH CAUSE OF ACTION - NEGLIGENT UNDERTAKING
4   AS AND FOR A SEVENTH, SEPARATE, CAUSE OF ACTION FOR NEGLIGENT
5   PERFORMANCE OF AN UNDERTAKING - RESTATEMENT SECOND OF TORTS,
6   SECTION 324A, PLAINTIFF COMPLAINS OF DOES ONE THROUGH SEVENTY-FIVE,
7   inclusive, AND EACH OF THEM, AND ALLEGES AS FOLLOWS:

8        66.  Plaintiff realleges and incorporates herein by reference
9   paragraphs 1 through 14 as though fully set forth herein.

10       67.  At relevant times defendants, and each of them, owned,
11  managed, and/or controlled certain premises in which asbestos-
12  containing products had been installed, maintained, used, and/or
13  replaced.

14       68. At relevant times defendants, and each of them, undertook,
15  gratuitously or for consideration, to render services which said
16  defendants should have recognized as necessary for the protection
17  of plaintiff.  Plaintiff suffered the harm complained of herein due
18  to defendants failure to exercise reasonable care in said
19  undertaking so that  (a) defendants failure to exercise reasonable
20  care increased the risk of harm to plaintiff, or (b) defendant
21  undertook to perform a duty owed to plaintiff by another, or (c)
22  said harm was suffered because of plaintiff's reliance, or the
23  reliance of another, upon the undertaking by defendant.

24       69.  As a legal consequence of the foregoing, plaintiff
25  developed asbestos-related illness from which he suffered as
26  previously set forth and plaintiff has suffered general and special
27  damages as herein being alleged in an amount in excess of the

28

CLAPPER, PATTI
H HWEDER & MASON
2530 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332 4262

1  jurisdictional limits of the Municipal Court.

2  <u>EIGHTH CAUSE OF ACTION - LOSS OF CONSORTIUM</u>

3  AS AND FOR A FURTHER, EIGHTH, SEPARATE AND DISTINCT CAUSE OF

4  ACTION, PLAINTIFF DANA HAM COMPLAINS OF DEFENDANTS, INCLUDING DOE

5  DEFENDANTS AND EACH OF THEM AND ALLEGES:

6  70.  Plaintiff incorporates herein by reference, as set forth

7  fully herein, all paragraphs of the First through Seventh Causes of

8  Action herein.

9  71.  Plaintiffs currently are, and at all relevant times were,

10  husband and wife.

11  72.  Plaintiff Franklin Ham sustained injuries caused by

12  inhalation of asbestos fibers.  Prior to the aforesaid injuries,

13  said spouse was able to and did perform duties as a spouse.

14  Subsequent to the injuries, and as a proximate result thereof, said

15  spouse was unable to perform the necessary duties as a spouse and

16  the work and service usually performed in the care, maintenance and

17  management of the family home.  By reason thereof, plaintiff Dana

18  Ham has been deprived of the consortium of plaintiff's spouse,

19  including the performance of said duties, all to plaintiff's

20  damages.

21  WHEREFORE, plaintiffs pray judgment against defendants, their

22  "alternate entities", and each of them, as follows:

23  1.  For plaintiff's general damages according to proof;

24  2.  For plaintiff's loss of income, wages and earning

25  potential according to proof;

26  3.  For plaintiff's medical and related expenses according to

27  proof;

28

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Ham/Complaint for Personal Injury                    25

4. For plaintiff's cost of suit herein;

5. For exemplary or punitive damages according to proof; and

6. For such other and further relief as the court may deem just and proper, including costs as provided in CCP §998, CCP §1032 and related provisions of law.

Dated: August 11, 2006.

CLAPPER, PATTI, SCHWEIZER & MASON

By: _____
Jack K. Clapper
Attorneys for Plaintiffs

CLAPPER, PATTI,
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

Franklin Harv/Complaint for Personal Injury

26

EXHIBIT D

1   Jack K. Clapper, (State Bar No. 83207)
    John P. Mason, (State Bar No. 193949)
2   Clapper, Patti, Schweizer & Mason
    2330 Marinship Way, Suite 140
3   Sausalito, CA 94965
    Telephone: (415) 332-4262
4   Facsimile: (415) 331-5387

5   Attorney for Plaintiffs

6

7                       SUPERIOR COURT OF THE STATE OF CALIFORNIA

8            CITY AND COUNTY OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION

9

10

11  FRANKLIN HAM and                        )   Case No. CGC-06-455063
    DANA HAM,                               )
12                                          )   AMENDMENT TO COMPLAINT
                                            )   SUBSTITUTING TRUE NAMES
13          Plaintiffs,                     )   FOR FICTITIOUS NAMES
                                            )
14      v.                                  )
                                            )
15  ACCO-AIR CONDITIONING COMPANY,          )
    INC., et al.                            )
16                                          )
            Defendants.                     )
17

18          On filing the complaint herein, plaintiffs were ignorant of the true names of certain

19  defendants and designated such defendants in the complaint by fictitious name Eleventh Doe.

20  Plaintiffs, having discovered the true name of Eleventh Doe to be Ecklund Insulation, Inc. hereby

21  amends their complaint by inserting such true name in the place and stead of the fictitious name

22  wherever it appears in the complaint.

23          Ecklund Insulation, Inc. as Eleventh Doe.

24  Dated: August 28, 2006.

25                                          Clapper, Patti, Schweizer & Mason

26                                          By: _____

27                                          John P. Mason
                                            Attorney for Plaintiffs

28

CLAPPER, PATTI
SCHWEIZER & MASON
2330 Marinship Way
Suite 140
Sausalito, CA 94965
(415) 332-4262

AMENDMENT TO COMPLAINT SUBSTITUTING TRUE NAMES FOR FICTITIOUS NAMES

EXHIBIT E

1  Steven J. Patti, (State Bar No. 163773)
   Clapper, Patti, Schweizer & Mason
2  Marina Office Plaza
   2330 Marinship Way, Suite 140
3  Sausalito, CA 94965
   Telephone: (415) 332-4262
4  Facsimile: (415) 331-5387

5  Attorney for Plaintiffs

6

7

8                    SUPERIOR COURT OF THE STATE OF CALIFORNIA

9       CITY AND COUNTY OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION

10

11 FRANKLIN HAM and DANA HAM,              )   Case No. 455063
                                           )
12        Plaintiffs,                       )   NOTICE OF ENTRY OF DEFAULT
                                           )   JUDGMENT AGAINST ECKLUND
13 v.                                       )   INSULATION, INC.
                                           )
14 ACCO-AIR CONDITIONING COMPANY, et       )
   al.,                                     )
15                                          )
          Defendant.                        )
16                                          )

17     TO DEFENDANT ECKLUND INSULATION, INC.:

18     NOTICE IS HEREBY GIVEN that on June 28, 2007, judgment was entered in the above-

19 entitled action by the Honorable Charlotte W. Woolard, Judge of the Superior Court.

20     A true and correct copy of the Default Judgment Against Ecklund Insulation, Inc. entered in

21 the above-captioned action on June 28, 2007, by the Honorable Charlotte W. Woolard, is attached

22 hereto as Exhibit "A".

23 Dated: June 28, 2007.

24                              CLAPPER, PATTI, SCHWEIZER& MASON

25

26                              By:

27                                  Steven J. Patti
                                    Attorney for Plaintiffs
28

1  Steven J. Patti, (State Bar No. 163773)
   Clapper, Patti, Schweizer & Mason
2  Marina Office Plaza
   2330 Marinship Way, Suite 140
3  Sausalito, CA 94965
   Telephone: (415) 332-4262
4  Facsimile: (415) 331-5387

5  Attorney for Plaintiffs

ENDORSED FILED
SUPERIOR COURT
COUNTY OF SAN FRANCISCO

JUN 2 8 2007

GORDON ........ L., Clerk
BY: _____ ANNA PEDIGONDA _____
          Deputy Clerk

6

7

8
                SUPERIOR COURT OF THE STATE OF CALIFORNIA
9
         CITY AND COUNTY OF SAN FRANCISCO - UNLIMITED CIVIL JURISDICTION
10

11  FRANKLIN HAM and DANA HAM,              )   Case No. 455063
                                           )
12        Plaintiffs,                       )   DEFAULT JUDGMENT AGAINST
                                           )   ECKLUND INSULATION, INC.
13  v.                                      )
                                           )
14  ACCO-AIR CONDITIONING COMPANY, et       )
    al.,                                    )
15                                          )
          Defendant.                        )
16                                          )

17        This action came on for a default prove-up hearing pursuant to California Code of Civil

18  Procedure Section 585 on June 28, 2006 in Department 502 of the above-entitled court, the

19  Honorable Charlotte W. Woolard presiding. Plaintiffs Franklin Ham and Dana Ham were

20  represented by their attorney of record, Steven J. Patti. Documentary evidence, recorded testimony

21  and affidavits were proffered and admitted. After considering the documentary evidence, recorded

22  testimony, affidavits and arguments of counsel, the Court finds that a prima facie case of liability for

23  the supply of a defective asbestos-containing product and for negligence has been made against

24  defendant Ecklund Insulation, Inc., sued herein as "DOE XI," and that such conduct was a

25  substantial factor in causing plaintiffs' injuries and damages.

26        NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED that judgment be

27  entered in favor of plaintiffs Franklin Ham in the amount of $ _671,000_ economic

28  damages and $ _1,300,000_ non-economic damages, and in favor of Dana Ham in the

CPSM
30 Marinship Way, #140
Sausalito, CA 94965
(415) 332-4262

Judgment Against Ecklund Insulation, Inc.

EXHIBIT A

1 amount of $ _760,000 00_ non-economic damages, for a total judgment to plaintiffs

2 of $ _2,671,000 00_ . This judgment is subject to the addition of costs and

3 interest in an amount to be later determined by the Court.

4 Dated: _June 28, 2007_

5                      The Honorable Charlotte W. Woolard

                     Judge of the Superior Court

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

CPSM
0 Marraday Way, #140
Sausalito, CA 94965
(415) 332-4262

1
## PROOF OF SERVICE

2       I declare that I am employed in the County of Marin, California; I am over the age of eighteen

3  years and not a party to the within action; my business address is 2330 Marinship Way, Suite 140,

4  Sausalito, California  94965.

5       On June 28, 2007, I served the attached: Notice of Entry of Default Judgment Against

6  Ecklund Insulation, Inc. in said action,

7       XXX                    By placing a true copy thereof, enclosed
                                in a sealed envelope, with postage thereon
8                              fully prepaid, in the United States mail
                                at Sausalito, California addressed as
9

10  ECKLUND INSULATION, INC.
    Jerry D. Ecklund
    141 E. Olympic Ct
11  Allyn, WA  98524

12  Richard J. Solski
    Law Department
13  Environmental & Mass Tort Claims
    CNA Plaza - 19 South
14  333 S. Wabash
    Chicago, IL 60685

15

16       I declare under penalty of perjury that the foregoing is true and correct and that this

17  declaration was executed on June 28, 2007 at Sausalito, California.

18

19                              _____
                                      Lenette Lew
20

21

22

23

24

25

26

27

28

*EXHIBIT* F

## COVENANT NOT TO EXECUTE AND ASSIGNMENT OF CLAIMS

THIS COVENANT NOT TO EXECUTE AND ASSIGNMENT OF CLAIMS ("Agreement") is entered into effective as of the 24th day of October, 2007, by and between FRANKLIN HAM and DANA HAM (hereinafter collectively referred to as "HAM") on the one hand, and ECKLUND INSULATION, INC. (hereinafter referred to as "ECKLUND") on the other hand (HAM and ECKLUND shall sometimes collectively be referred to herein as the "Parties" and separately as a "Party"), and is based upon the following facts:

### RECITALS

A.     On August 11, 2006, HAM filed a complaint for personal injuries and loss of consortium, alleging that Mr. Ham sustained injuries as a result of his occupational exposure to asbestos. HAM named several defendants, including DOE defendants, in the complaint.

B.     On August 29, 2006, HAM filed an amendment to the complaint substituting the true name of ECKLUND for the Eleventh DOE. The complaint alleges that ECKLUND sold asbestos-containing products and performed work as a contractor that exposed Mr. Ham to asbestos dust. Along with the summons and complaint, HAM served ECKLUND with a Statement of Damages, which specified that HAM sought compensatory damages totaling Eighteen Million Five Hundred Thousand Dollars ($18,500,000).

C.     ECKLUND tendered defense to CNA Insurance Companies. However, as no responsive pleading was filed on behalf of ECKLUND, HAM obtained a default against ECKLUND on November 30, 2006. After a default prove-up hearing on June 28, 2006, the Court entered a default judgment against ECKLUND on June 28, 2007 in favor of Franklin Ham in the amount of Six Hundred Seventy One Thousand Dollars ($671,000) economic damages and One Million Three Hundred Thousand Dollars ($1,300,000) non-economic damages and for Dana Ham in the amount of Seven Hundred Thousand Dollars ($700,000) non-economic damages, for a total of Two Million Six Hundred Seventy One Thousand Dollars ($2,671,000). The Court further ordered that the judgment was subject to the addition of costs and interest in an amount to be later determined by the Court. The damages, costs and interests are hereinafter collectively referred to as the "JUDGMENT."

D.     The Parties now desire to resolve and settle all disputes between them.

### AGREEMENT

NOW, THEREFORE, in consideration of the mutual covenants contained herein and other good and valuable consideration, the receipt and sufficiency of which is hereby acknowledged, the Parties agree as follows:

1.     **Assignment of Claims.** By execution of this Agreement, ECKLUND irrevocably

1

assigns, conveys, sells, grants and transfers to HAM any and all of ECKLUND'S rights, benefits and remedies, as well as any and all causes of action that ECKLUND might have or might have had against CNA Insurance Companies arising out of HAM's personal injury action, claims and JUDGMENT obtained against ECKLUND, and arising out of ECKLUND'S tender of defense thereof, including but not limited to, breach of the implied covenant of good faith and fair dealing, breach of the duty to defend, breach of the duty to settle and bad faith causes of action. ECKLUND further irrevocably assigns, conveys, sells, grants and transfers to HAM the right to prosecute such causes of action in HAM's name and to settle or otherwise resolve such causes of action as HAM sees fit, in HAM's sole and absolute discretion.

2.   **Covenant Not to Execute**.  In exchange for and in consideration of ECKLUND'S agreement to assign claims as set forth in paragraph 1 above, HAM agrees that it will refrain from executing or garnishing on the JUDGMENT against ECKLUND or its principals, officers, affiliates, agents, heirs, successors in interest and predecessors in interest.

3.   **Representations and Warranties**.  Each Party hereby agrees, represents and warrants to and for the benefit of the other Party as follows:

(a)   Each Party has read this Agreement and knows and understands its contents fully.  Each voluntarily executes this Agreement and without being pressured or influenced by any statement or representation of any person, acting on behalf of any other Party, including any other Party's officers, directors, employees agents and attorneys.

(b)   Each Party has full power and authority to enter into this Agreement and to consummate the transactions described or contemplated herein.

4.   **Enforceability and Continuing Jurisdiction**.  Notwithstanding the provisions of California Evidence Code Section 1152, this Agreement shall be admissible to enforce its terms and the Parties hereby stipulate and agree that the Superior Court of San Francisco shall have jurisdiction to enforce the terms and conditions of this settlement pursuant to Code of Civil Procedure Section 664.6 and to enter judgment pursuant to this Agreement.

5.   **No Presumption Against Preparer of Agreement**.  The Parties hereby acknowledge and agree that each of the Parties have contributed to the drafting of this Agreement, and no provision hereof shall be construed against any Party as being the drafter hereof.  This Agreement shall therefore be construed without regard to any presumption or other rule requiring construction against the Party causing this Agreement to be drafted.

6.   **Invalid Provisions**.  If any provision of this Agreement is held to be illegal, invalid or unenforceable under any present or future laws, such provision shall be fully severable, and the remaining provisions shall constitute the parties' agreement and shall be enforced to the greatest extent permitted by applicable law.

7.     **Cooperation**. Each Party hereto agrees to execute all documents and instruments and to take all actions as may be necessary to implement the Parties' intentions underlying, and the terms of, this Agreement.

8.     **Amendment**. This Agreement may be amended, modified or terminated only by a written instrument executed by all Parties to this Agreement.

9.     **Governing Law**. This Agreement shall be governed by and interpreted in accordance with the laws of the State of California.

10.     **Entire Agreement**. This Agreement represents the entire agreement between the Parties with respect to the subject matter contained herein and supersedes all prior or contemporaneous discussions, agreements and/or representations of or between the Parties hereto regarding the subject matter hereof.

11.     **Counterparts Execution**. This Agreement may be signed in one or more counterparts, each of which shall be deemed an original and all of which together shall constitute one and the same agreement.

IN WITNESS WHEREOF, the Parties hereby enter into this Agreement the day and year first above written.

Dated: October 24, 2007

ECKLUND INSULATION, INC.

By: _____

Its: PRESIDENT

Dated: October 5, 2007

By: Franklin Ham
    FRANKLIN HAM

Dated: October ___, 2007
11/5/2007

By: Dana Ham
    DANA HAM

3