Jack K. Clapper, Esq. (State Bar No. 83207)
Steven J. Patti (State Bar No. 163773)
Christine A. Renken (State Bar No. 232797)
Clapper, Patti, Schweizer & Mason
Marina Office Plaza
2330 Marinship Way, Suite 140
Sausalito, CA 94965
Telephone: (415) 332-4262
Facsimile: (415) 331-5387
Email: jkc@clapperlaw.com
        steve@clapperlaw.com
        christine@clapperlaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANKLIN HAM and DANA HAM,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CONTINENTAL INSURANCE COMPANY; and DOES 1 through 50,<br><br>    Defendants. | Case No. CV 08 1551 SC<br><br>**PLAINTIFFS' REQUEST FOR JUDICIAL NOTICE OF FACT IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANT'S MOTION TO STRIKE PLAINTIFFS' CLAIM FOR PUNITIVE DAMAGES AND TO DISMISS CERTAIN CLAIMS**<br><br>**Date:      July 11, 2008**<br>**Time:      10:00 a.m.**<br>**Courtroom: 1**<br><br>**Hon. Samuel Conti** |

Plaintiffs, Franklin Ham and Dana Ham request that the Court, pursuant to Federal Rules of Evidence, Rule 201, take judicial notice of the following facts under Rule 201(b)(2), which are "capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned.":

1.      That The Continental Insurance Company's principal place of business is in Chicago, Illinois. The sources are The Continental Insurance Company's Notice of Removal, the Declaration of Raymond Tittmann, ¶ 4, Exhibit C to The Continental Insurance Company's Notice of Removal and the Annual Report filed with the Colorado Secretary of State. All four documents list The Continental Insurance Company's principal place of business as Chicago, Illinois. True and correct copies of the

1  Notice of Removal, the Declaration of Raymond Tittmann and Exhibit C are attached as Exhibit "A."

2  A true and correct copy of the Annual Report is attached as Exhibit "B."

3      2.    That Ecklund Insulation Inc. was incorporated in Nevada with a principal place of

4  business as Reno, Nevada. The source is Ecklund Insulation Inc.'s Articles of Incorporation filed on

5  September 27, 1963. A true and correct copy of the Articles of Incorporation is attached as Exhibit "C."

7  Dated: June 20, 2008.            Clapper, Patti, Schweizer & Mason

9  By: _____

10           Steven J. Patti, Esq.
         Attorneys for Plaintiffs

*EXHIBIT* A

1  G. David Godwin, No. 148272
   Raymond J. Tittmann, No. 191298
2  **CARROLL, BURDICK & McDONOUGH** LLP
   Attorneys at Law
3  44 Montgomery Street, Suite 400
   San Francisco, CA 94104
4  Telephone:    415.989.5900
   Facsimile:    415.989.0932
5  Email:    dgodwin@cbmlaw.com
            rtittmann@cbmlaw.com
6
   Attorneys for Defendant
7  The Continental Insurance Company

8              UNITED STATES DISTRICT COURT

9           NORTHERN DISTRICT OF CALIFORNIA

10              SAN FRANCISCO DIVISION

11

12  Franklin Ham and Dana Ham,                    No.

13                    Plaintiffs,          **DEFENDANT THE CONTINENTAL
                                           INSURANCE COMPANY'S NOTICE OF
14         v.                              REMOVAL**

15  The Continental Insurance Company;
    and Does 1 through 50,
16
                      Defendants.
17

18         PLEASE TAKE NOTICE that defendant The Continental Insurance Company

19  gives notice of removal and hereby removes the above-captioned action, *Franklin Ham*

20  *and Dana Ham v. The Continental Insurance Company*, Case No. CGC-08-471943 (San

21  Francisco Super. Ct., filed Feb. 14, 2008) (this "Action"), from the Superior Court of the

22  State of California County of San Francisco, pursuant to 28 U.S.C. § 1441 *et seq.*  In

23  support of this removal, The Continental Insurance Company alleges as follows:

24                          **BACKGROUND**

25         1.    In August 2006, Plaintiffs Franklin and Dana Ham added Ecklund

26  Insulation, Inc. ("Ecklund Insulation") to an asbestos personal injury lawsuit titled

27  *Franklin Ham and Dana Ham v. Acco-Air Conditioning Co., et al.*, Case No. 455063 (San

28

CBM-IPG\SF396728.1

THE CONTINENTAL INSURANCE CO.'S NOTICE OF REMOVAL

Francisco Super Ct., filed Aug. 11, 2006) (the "Underlying Action"). *See* Complaint[1], Ex. D. Ecklund Insulation, which is not a party to this Action, is a "defunct" corporation, according to Plaintiffs. *See* Complaint, ¶ 12. Ecklund Insulation therefore did not answer the complaint in the Underlying Action, and Plaintiffs obtained a default judgment in the amount of $2,671,000 million. Complaint, ¶ 14.

2.    Though Ecklund Insulation is defunct company and not entitled to engage in business, Jerry Ecklund, purporting to act as President of Ecklund Insulation, attempted to assign to Plaintiffs any rights Ecklund Insulation had under an alleged/missing insurance policy. Complaint ¶ 18, Ex. F. Plaintiffs bring the current Action against The Continental Insurance Company pursuant to that alleged assignment. *Id.*

3.    Plaintiffs have not presented a copy of the alleged/missing insurance policy, but submitted a "Certificate of Insurance" allegedly issued by another entity. Complaint ¶ 13, Ex. A. Plaintiffs alleged that the alleged/missing insurance policy covers Ecklund and specifically its liability for the default judgment. Although the per person bodily injury limit stated in the Certificate is $100,000, Plaintiffs seek recovery for the entire default judgment, $2,671,000.

4.    Plaintiffs served the Complaint on The Continental Insurance Company on February 20, 2008, which was the first service in this Action. The Complaint alleges breach of contract, breach of the implied covenant of good faith and fair dealing, and declaratory relief against Continental.

## DIVERSITY JURISDICTION

5.    Pursuant to Civil L.R. 3-5(a), this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 because the parties are completely diverse and the amount in controversy exceeds $75,000.

---

[1] The "Complaint" refers to Plaintiffs Franklin and Dana Ham's First Amended Complaint in this Action, filed February 14, 2008. The Complaint and all exhibits are attached as Ex. A to Declaration of Raymond Tittmann in Support of Defendant The Continental Insurance Company's Notice of Removal ("Tittmann Decl.").

CBM-IPG\SF396728.1                                    -2-

THE CONTINENTAL INSURANCE CO.'S NOTICE OF REMOVAL

6.    <u>Amount in controversy</u>: Plaintiffs seek $2,671,000 in damages. Complaint, Prayer, ¶ 1, at 9:10.  In addition, Plaintiffs allege $100,000 policy limits for the alleged/missing policy based on an unauthenticated certificate of insurance, and no other documentation or evidence is provided to support the alleged/missing policy. Complaint ¶ 7.

7.    <u>Domicile of Plaintiffs</u>: Plaintiffs Franklin Ham and Dana Ham are individuals domiciled in Yerington, Nevada.  Complaint, ¶ 9; Tittmann Decl., Ex. B at 2:18-22 (Preliminary Fact Sheet/New Filing/Asbestos Litigation, filed by Plaintiffs in the underlying Action on Aug. 11, 2006).

8.    <u>Domicile of Defendant</u>: The Continental Insurance Company is a Pennsylvania company with its principal place of business in Chicago, Illinois.  Tittmann Decl., ¶ 4, Ex. C.

9.    The Doe defendants may be ignored for purposes of determining diversity.  28 USC § 1441(a) ("For purposes of removal ... the citizenship of defendants sued under fictitious names shall be disregarded."); *Newcombe v. Adolf Coors Co.*, 157 F.3d 686, 690–691 (9th Cir. 1998) (inclusion of "Doe" defendants in a state court complaint has no effect on removability; in determining whether diversity of citizenship exists, only the named defendants are considered).

10.    No other parties are named, and consequently the diversity between Continental and Plaintiffs establishes diversity.

## REMOVAL IS PROPER

11.    This Court has subject matter jurisdiction over this matter pursuant to 28 U.S.C. § 1332.

12.    This action is removable pursuant to 28 U.S.C. § 1441 because it originally could have been brought in this Court.

13.    Pursuant to 28 U.S.C. § 1446(d), written notice of the filing of this Notice of Removal has been given to all adverse parties and a copy of the Notice has been filed with the clerk of the Superior Court of the County of San Francisco, California.

14.    Pursuant to 28 U.S.C. § 1446(a), a true copy of all process, pleadings, and orders served on Continental are attached to the Notice of Removal as Exhibit A, including all documents that have been filed with the Superior Court, County of San Francisco, California, in this action.

15.    This Notice of Removal is timely pursuant to 28 U.S.C. § 1446(b) because it is made within 30 days of the service of the Summons and Complaint.

## INTRADISTRICT ASSIGNMENT

16.    Pursuant to Civil L.R. 3-2(d) and 3-5(b), this Action should be assigned to the San Francisco Division because it is removed from the Superior Court of the County of San Francisco, California.

WHEREFORE, Continental respectfully requests that this cause proceed in this Court as an action properly removed thereto.

Dated:  March 19, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____
        Raymond J. Tittmann
        Attorneys for Defendant
        The Continental Insurance Company

THE CONTINENTAL INSURANCE CO.'S NOTICE OF REMOVAL

G. David Godwin, No. 148272
Raymond J. Tittmann, No. 191298
**CARROLL, BURDICK & McDONOUGH** LLP
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:     415.989.5900
Facsimile:     415.989.0932
Email:         dgodwin@cbmlaw.com

Attorneys for Defendant
The Continental Insurance Company

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## SAN FRANCISCO DIVISION

| | |
|---|---|
| Franklin Ham and Dana Ham, | No. |
| Plaintiffs, | **DECLARATION OF RAYMOND J. TITTMANN IN SUPPORT OF DEFENDANT THE CONTINENTAL INSURANCE COMPANY'S NOTICE OF REMOVAL** |
| v. | |
| The Continental Insurance Company; and Does 1 through 50, | |
| Defendants. | |

I, Raymond J. Tittmann, declare as follows:

1.    I am an attorney licensed to practice law in the State of California, and a partner of Carroll, Burdick & McDonough, LLP, attorneys of record for Defendant The Continental Insurance Company.

2.    Attached as Exhibit A is a true and correct copy of the Plaintiffs Franklin and Dana Ham's First Amended Complaint in this action, filed February 14, 2008.

3.    Attached as Exhibit B is a true and correct copy of the Preliminary Fact Sheet/New Filing/Asbestos Litigation, filed by Plaintiffs in *Franklin Ham and Dana Ham v. Acco-Air Conditioning Co., et al.*, Case No. 455063 (San Francisco Super Ct., filed Aug. 11, 2006).

CBM-IPG SF397536.1

DECLARATION OF RAYMOND J. TITTMANN IN SUPPORT OF DEFENDANT'S NOTICE OF REMOVAL

1       4.      Attached as Exhibit C is a true and correct copy of a Decision and Order

2   by the Insurance Commissioner of the Commonwealth of Pennsylvania, dated August 9,

3   2006, approving The Continental Insurance Company's application to redomesticate to

4   the Commonwealth of Pennsylvania.  The Insurance Commissioner also found that The

5   Continental Insurance Company's principal place of business is in Chicago, Illinois.

6       I declare under penalty of perjury under the laws of the State of California that

7   the foregoing is true and correct.

8       Executed this 19 day of March 2008, at San Francisco, California.

9

10

11                                          Raymond J. Tittmann

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BEFORE THE INSURANCE COMMISSIONER
OF THE
COMMONWEALTH OF PENNSYLVANIA

| | | |
|---|---|---|
| In Re: | : | Pursuant to Sections 4161 and |
| | : | 4162 of the Business Corporation |
| Application of The Continental | : | Law of 1988, Act of December 21, |
| Insurance Company for Approval to | : | 1988, P. L. 1444, as amended, |
| Redomesticate from the State of South | : | 15 Pa.C.S. • • 4161 and 4162, and |
| Carolina to the Commonwealth of | : | Section 357 of the Insurance |
| Pennsylvania | : | Company Law, Act of May 17, |
| | : | 1921, P.L. 682, No. 284, as |
| | : | amended, 40 P.S. • 477e |
| | : | |
| | : | Order No. ID-RC-06-20 |

DECISION AND ORDER

AND NOW, on this 9th day of August, 2006, M. Diane Koken, Insurance Commissioner of the Commonwealth of Pennsylvania ("Commissioner"), hereby makes the following Decision and Order:

Pursuant to the Business Corporation Law and the Insurance Company Law and in consideration of the documents, presentations and reports received, as well as other inquiries and studies as permitted by law, the Commissioner hereby makes the following Findings of Fact:

FINDINGS OF FACT

Identity of the Parties

1. The Continental Insurance Company ("Continental") is a foreign stock property insurance company organized under the laws of the State of South Carolina with its principal place of business located in Chicago, Illinois.

2. Continental is an indirect subsidiary of Loews Corporation, an insurance holding company with its principal place of business located in New York, New York. Loews Corporation is the sole ultimate controlling person of Continental.

<u>Filing of the Application</u>

3. On June 2, 2006, the Insurance Department of the Commonwealth of Pennsylvania ("Department") received an initial application (which, together with all material received subsequently, is collectively referenced as "Application") from Continental for approval to redomesticate from the State of South Carolina to the Commonwealth of Pennsylvania.

4. The Application was filed pursuant to Sections 4161 and 4162 of the Business Corporation Law, <u>as amended</u>, 15 Pa.C.S. • • 4161 and 4162 (cited as "Business Corporation Law"), and Section 357 of the Insurance Company Law, Act of May 17, 1921, P.L. 682, No. 284, <u>as amended</u>, 40 P.S. • 477e (cited as "Insurance Company Law").

<u>Notice of Filing and Comments</u>

5. On June 17, 2006, the Department published notice in the <u>Pennsylvania Bulletin</u> that the Application was received and such notice invited interested persons to submit comments to the Department regarding the Application for 30 days following the date of the publication ("Comment Period").

6. During the Comment Period, the Department received no comments regarding the Application.

<u>The Transaction</u>

7. Continental currently holds a Certificate of Authority in the Commonwealth of Pennsylvania as a foreign insurer to transact property & allied lines, inland marine & physical damage, ocean marine, fidelity & surety, accident and health, glass, other liability, boiler & machinery, burglary & theft, credit, water damage, elevator, livestock, auto liability, mine & machinery, personal property floater and workers' compensation lines of business.

8. Continental desires to redomesticate to the Commonwealth of Pennsylvania as a domestic stock property insurance company.

9. On May 31, 2006, the Board of Directors of Continental passed a resolution deeming it in the best interest of the company to redomesticate from the State of South Carolina to the Commonwealth of Pennsylvania.

10. On May 31, 2006, Continental Casualty Company, as the sole shareholder of Continental, passed a resolution approving the redomestication of Continental from the State of South Carolina to the Commonwealth of Pennsylvania.

11. Continental has indicated that its principal place of business will remain in Chicago, Illinois.

12. If any of the above Findings of Fact are determined to be Conclusions of Law, they shall be incorporated in the Conclusions of Law as if fully set forth therein.

<u>CONCLUSIONS OF LAW</u>

1. Section 357 of the Insurance Company Law provides the Commissioner jurisdiction to review and approve the redomestication of Continental.

2. A redomestication by a foreign business corporation is provided for in subsection 4161(a) of the Business Corporation Law.

3. The Application satisfies the requirements of all applicable laws and regulations.

4. If any of the above Conclusions of Law are determined to be Findings of Fact, they shall be incorporated in the Findings of Fact as if fully set forth therein.

BEFORE THE INSURANCE COMMISSIONER
OF THE
COMMONWEALTH OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : Pursuant to Sections 4161 and |
| | : 4162 of the Business Corporation |
| Application of The Continental | : Law of 1988, Act of December 21, |
| Insurance Company for Approval to | : 1988, P. L. 1444, as amended, |
| Redomesticate from the State of South | : 15 Pa.C.S. • • 4161 and 4162, and |
| Carolina to the Commonwealth of | : Section 357 of the Insurance |
| Pennsylvania | : Company Law, Act of May 17, |
| | : 1921, P.L. 682, No. 284, as |
| | : amended, 40 P.S. • 477e |
| | : |
| | : Order No. ID-RC-06-20 |

ORDER

Upon consideration of the foregoing, the Insurance Commissioner of the Commonwealth of Pennsylvania ("Commissioner") hereby makes the following Order:

The Application of The Continental Insurance Company ("Continental") for approval to redomesticate from the State of South Carolina to the Commonwealth of Pennsylvania and the issuance of a Certificate of Authority as a domestic stock property insurance corporation, as set forth in the Application, is hereby granted, subject to this Order and the following conditions:

1.    Continental shall obtain approval of the redomestication from the South Carolina Department of Insurance. A certified copy of the approval issued by the South Carolina Department of Insurance shall be provided to the Commissioner within five (5) days of Continental receiving the approval.

2.    Continental shall file Articles of Domestication with the Pennsylvania Department of State in accordance with subsection 4161(b) of the Business Corporation Law after receipt of the approval of the South Carolina Department of Insurance.

4

3.     Continental shall file a copy of the Articles of Domestication, as filed with the Pennsylvania Department of State, with the Department within ten (10) days of receipt from the Pennsylvania Department of State.

4.     At the time the Articles of Domestication are filed with the Department, Continental shall file an executed copy of Amended and Restated Bylaws that comply with the requirements of Chapter 31 of the Business Corporation Law.

5.     At the time the Articles of Domestication are filed with the Department, Continental shall surrender its current Certificate of Authority as a foreign insurance corporation in exchange for the issuance of a Certificate of Authority as a domestic stock property insurance corporation.

This Order is effective immediately.

_____

M. Diane Koken
Insurance Commissioner
Commonwealth of Pennsylvania

EXHIBIT B

**E-Filed**

Colorado Secretary of State
Date and Time: 07/24/2007 02:39 PM
Id Number: 19871070246

Document processing fee
  If document is filed on paper        $100.00
  If document is filed electronically     **$ 10.00**

Document number: 20071341034

Late fee if entity is in noncompliant status
  If document is filed on paper        $ 50.00
  If document is filed electronically     $ 20.00
Fees & forms/cover sheets
  are subject to change.
To file electronically, access instructions
  for this form/cover sheet and other
  information or print copies of filed
  documents, visit www.sos.state.co.us
  and select Business Center.
Paper documents must be typewritten or machine printed.

ABOVE SPACE FOR OFFICE USE ONLY

## Annual Report
filed pursuant to §7-90-301, et seq. and §7-90-501 of the Colorado Revised Statutes (C.R.S)

ID number:                 19871070246

Entity name:            THE CONTINENTAL INSURANCE COMPANY

Jurisdiction under the law of which the
entity was formed or registered:       Pennsylvania

**You must complete line 1.**

Notice:

Causing this document to be delivered to the secretary of state for filing shall constitute the affirmation or acknowledgment of each individual causing such delivery, under penalties of perjury, that the document is the individual's act and deed, or that the individual in good faith believes the document is the act and deed of the person on whose behalf the individual is causing the document to be delivered for filing, taken in conformity with the requirements of part 3 of article 90 of title 7, C.R.S., the constituent documents, and the organic statutes, and that the individual in good faith believes the facts stated in the document are true and the document complies with the requirements of that Part, the constituent documents, and the organic statutes.

This perjury notice applies to each individual who causes this document to be delivered to the secretary of state, whether or not such individual is named in the document as one who has caused it to be delivered.

1. Name(s) and address(es) of the
   individual(s) causing the document
   to be delivered for filing:

| Dority | Neifia | O. | |
|---|---|---|---|
| *(Last)* | *(First)* | *(Middle)* | *(Suffix)* |

333 S. Wabash Ave., 28th Floor
*(Street name and number or Post Office Box information)*

| Chicago | IL | 60604 |
|---|---|---|
| *(City)* | *(State)* | *(Postal Zip Code)* |

| | | |
|---|---|---|
| *(Province – if applicable)* | *(Country - if not US)* | |

*(The document need not state the true name and address of more than one individual. However, if you wish to state the name and address of any additional individuals causing the document to be delivered for filing, mark this box ☐ and include an attachment stating the name and address of such individuals.)*

☐ **Mark the box if** information requested below is current in the records of the Secretary of State **OR** complete Questions 2 through 7.

2. Principal office street address:

333 S. Wabash Ave.
_____
*(Street name and number)*

| Chicago | IL | 60604 |
|---------|----|----|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

United States
_____
*(Province – if applicable)*  *(Country – if not US)*

3. Principal office mailing address:
(if different from above)

333 S. Wabash Ave., 28th Floor
_____
*(Street name and number or Post Office Box information)*

| Chicago | IL | 60604 |
|---------|----|----|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

United States
_____
*(Province – if applicable)*  *(Country – if not US)*

4. Registered agent name:  (if an individual)
_____
*(Last)*  *(First)*  *(Middle)*  *(Suffix)*

**OR** (if a business organization)    The Corporation Company
_____

5. The person identified above as registered agent has consented to being so appointed.

6. Registered agent street address:

1675 Broadway Ste 1200
_____
*(Street name and number)*

| Denver | CO | 80202 |
|--------|----|----|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

7. Registered agent mailing address:
(if different from above)

1675 Broadway, Suite 1200
_____
*(Street name and number or Post Office Box information)*

| Denver | CO | 80202 |
|--------|----|----|
| *(City)* | *(State)* | *(Postal/Zip Code)* |

United States
_____
*(Province – if applicable)*  *(Country – if not US)*

**Disclaimer:**

This form, and any related instructions, are not intended to provide legal, business or tax advice, and are offered as a public service without representation or warranty.  While this form is believed to satisfy minimum legal requirements as of its revision date, compliance with applicable law, as the same may be amended from time to time, remains the responsibility of the user of this form.  Questions should be addressed to the user's attorney.

# NOTICE:

*This "image" is merely a display of information that was filed electronically. It is not an image that was created by optically scanning a paper document.*

*No such paper document was filed. Consequently, no copy of a paper document is available regarding this document.*

*Questions? Contact the Business Division. For contact information, please visit the Secretary of State's web site.*

*EXHIBIT* C

# ARTICLES OF INCORPORATION

## OF

ECKLUND INSULATION INC.

## FILED AT THE REQUEST OF

Cooke and Roberts, Attys.
P. O. Box 2229, Reno, Nevada

September 27, 1963
(DATE)

*John Koontz*

JOHN KOONTZ, SECRETARY OF STATE

*John F. Walker*

(BY) DEPUTY SECRETARY OF STATE

No. 1762-63

FILING FEE $ 40.00

324

# State of Nevada

# Department of State



I, JOHN KOONTZ, Secretary of State of the State of Nevada, do hereby certify

that _____ FIRST-SECOND _____

did on the _____ day of _____ SEPTEMBER _____ 19 61 , file in this office

the original Articles of incorporation that said Articles are now on file and of record in the office

of the Secretary of State of the State of Nevada, and further,

that said Articles contain all the statements of facts required

by the law of said State of Nevada.

In Witness Whereof, I have hereunto set my hand and affixed

the Great Seal of State, at my office in Carson City, Nevada, this

_____ TWENTY-SEVENTH _____ day of _____ OCTOBER _____ A. D. 19 61 .

*John Koontz*

Secretary of State

[SEAL]

_____
Deputy

DUPLICATE (File Copy) of Original Certificate Issued

ARTICLES OF INCORPORATION

O F

ECKLUND INSULATION INC.

--oOo--

KNOW ALL MEN BY THESE PRESENTS:

That we, the undersigned, have this day associated ourselves together to establish a corporation under the provisions of and subject to the requirements of an Act of the Legislature of the State of Nevada entitled "An Act Providing a General Corporation Law"; approved March 21, 1925, and the acts amendatory thereof and supplemental thereto, for the purpose of and under the corporate name hereinafter stated, and to that end we hereby certify as follows:

I.

The name of the corporation is to be

ECKLUND INSULATION INC.

(hereinafter referred to as the "corporation")

II.

The principal office and place of business in the State of Nevada of said corporation is to be located at 1400 Montello Street, Reno, Washoe County, Nevada.

III.

The nature of the business of the corporation and the

COOKE & ROBERTS
ATTORNEYS
16 E. 1ST STREET
RENO, NEVADA

objects or purposes proposed to be transferred, promoted or carried on by it are:  To engage in any lawful activity.

IV.

That the maximum number of shares which the corporation is authorized to have outstanding at any time shall be Seventy-five Thousand (75,000) of the par value of One Dollar ($1.00) per share, and there shall be but one class of stock, to-wit: common stock.

V.

That the members of the governing board of the corporation shall be styled directors and shall be three (3) in number, The names and post office addresses of the members of the first Board of Directors are as follows:

| Name | Post Office Address |
| --- | --- |
| Jerry D. Ecklund | 1840 Windsor Way, Reno, Nevada |
| Leonard E. Shaunce | 1400 Montello, Reno, Nevada |
| Janet Ecklund | 1840 Windsor Way, Reno, Nevada |

VI.

The capital stock of the corporation shall not be subject to assessment.

VII.

The corporation shall have perpetual existence.

VIII.

The name and post office address of each incorporator signing this Certificate of Incorporation are as follows:

DOOKE & ROBERTS
ATTORNEYS
10 S. 1ST STREET
RENO, NEVADA

2.

|                   | Name | Post Office Address |
|-------------------|------|---------------------|
| Jerry D. Ecklund  |      | 1840 Windsor Way, Reno, Nevada |
| Leonard E. Shaunce |     | 1400 Montello, Reno, Nevada |
| Janet Ecklund     |      | 1840 Windsor Way, Reno, Nevada |

IX.

The corporation reserves the right to amend, alter, change, or repeal any provision contained in this Certificate of Incorporation in the manner now or hereafter prescribed by statute, and all rights conferred upon the stockholders herein are granted subject to this reservation.

IN WITNESS WHEREOF, we have hereunto subscribed our names this 26th day of September, 1963.

JOOKE & ROBERTS
ATTORNEYS
16 E. 1ST STREET
RENO, NEVADA

3.

STATE OF NEVADA )
               : SS
COUNTY OF WASHOE )

On this _16'_ day of September, 1963, before me, a
Notary Public, personally appeared JERRY D. ECKLUND, LEONARD
E. SHAUNCE, and JANET ECKLUND, known to me to be the persons
described in and who executed the foregoing instrument, who
acknowledged to me that they executed the same freely and
voluntarily and for the uses and purposes therein mentioned.

IN WITNESS WHEREOF, I have hereunto set my hand and
affixed my Official Seal, the day and year in this Certificate
first above written.

_____
Notary Public

In and for said County and

State

DORTHA M. TRIMBLE
Notary Public, Washoe County, Nevada
My Commission Expires _12/1/67_

COKE & ROBERTS
ATTORNEYS
18 E. 1ST STREET
RENO, NEVADA