Jack K. Clapper, Esq. (State Bar No. 83207)
Steven J. Patti (State Bar No. 163773)
Christine A. Renken (State Bar No. 232797)
CLAPPER, PATTI, SCHWEIZER & MASON
Marina Office Plaza
2330 Marinship Way, Suite 140
Sausalito, CA 94965
Telephone: (415) 332-4262
Facsimile: (415) 331-5387
Email: jkc@clapperlaw.com
       steve@clapperlaw.com
       christine@clapperlaw.com

Attorneys for Plaintiffs
Franklin Ham and Dana Ham


G. David Godwin, Esq. (State Bar No. 148272)
Raymond J. Tittmann, Esq. (State Bar No. 191298)
CARROLL, BURDICK & McDONOUGH LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 989-5900
Facsimile: (415) 989-0932
Email: dgodwin@cbmlaw.com

Attorneys for Defendant
The Continental Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN HAM and DANA HAM, | Case No. CV 08 1551 SC |
| Plaintiffs, | **JOINT CASE MANAGEMENT CONFERENCE STATEMENT** |
| v. | Date: July 11, 2008<br>Time: 10:00 a.m. |
| THE CONTINENTAL INSURANCE COMPANY; and DOES 1 through 50, | Courtroom: 1 |
| Defendants. | Hon. Samuel Conti |

1. <u>Jurisdiction and Service</u>: The Court's subject matter jurisdiction over Plaintiffs' claims is based on diversity of citizenship. There are currently no issues regarding personal jurisdiction or venue. No parties remain to be served.

2. <u>Facts</u>: No statement in this section shall be deemed binding on either party. This statement rather reflects compromises of the parties in an effort to provide a reasonably cohesive summary for the Court.

<u>Plaintiffs' Statement of Facts</u>:

Plaintiffs' Second Amended Complaint in this action alleges that Continental failed to investigate, defend and settle a lawsuit and resulting judgment against Ecklund Insulation, and that in doing so Continental breached its duty of good faith and fair dealing. Plaintiffs allege that Ecklund Insulation was insured against the claims made in the lawsuit under several policies issued by Glens Falls Insurance Company, for periods beginning in 1962 and continuing through the mid-1970's. Glens Falls was later acquired by and merged into Continental.

On August 11, 2006, the Plaintiffs, Franklin and Dana Ham, filed an action for personal injuries and loss of consortium in San Francisco Superior Court, seeking damages arising out of Mr. Ham's diagnosis of malignant mesothelioma, a terminal cancer caused by asbestos. The Complaint was amended to add Ecklund Insulation as a Defendant on or about August 28, 2006. Mr. Ham alleged in his personal injury suit that he worked as a pipefitter and controls technician in Nevada and Northern California, and that he worked at several sites in the presence of Ecklund Insulation employees from the early 1960's through the 1970's. He alleged that the Ecklund Insulation employees cut and installed asbestos-containing insulation in his presence, thereby exposing him to asbestos dust that caused his mesothelioma.

The Complaint in the personal injury action was served on Ecklund Insulation's President, Jerry Ecklund, at his home in the State of Washington. In approximately September of 2006, Mr. Ecklund tendered the Hams's personal injury Complaint to Continental. Continental responded to Mr. Ecklund, stating that it would search for any insurance policies issued to Glens Falls and requesting any documentation related to the policies. Plaintiffs allege that, thereafter, Mr. Ecklund sent Continental a copy of a Certificate of Insurance issued by Glens Falls to Ecklund Insulation, describing a policy of

Comprehensive General Liability coverage for a two year period from 1964 to 1966. Continental never responded to this communication in any way. Continental also failed to provide a defense to Ecklund Insulation. Meanwhile, counsel for the Hams sent Continental another copy of the Certificate of Insurance. Continental never responded to this communication.

On November 30, 2006, the Clerk of the San Francisco Superior Court entered default against Ecklund Insulation. Throughout the pendency of the personal injury case, Plaintiffs provided notice to Continental of the Request for Entry of Default and of all hearings, trial dates, court orders and depositions. Plaintiffs also provided Continental with timely notice of the Default Prove-up Hearing scheduled for June 28, 2007 before the Honorable Charlotte Woolard, Judge of the Superior Court of San Francisco County. The notice stated that a judgment would be sought against Ecklund Insulation. At the same time, Plaintiffs provided Continental with the trial brief and evidence submitted to Judge Woolard in support of their request for entry of judgment.

On June 28, 2007, the Court entered judgment in favor of Plaintiff Franklin Ham in the amount of $671,000 for economic damages and $1,300,000 non-economic damages, and in favor of Plaintiff Dana Ham in the amount of $700,000 non-economic damages, for a total judgment in favor of Plaintiffs and against Ecklund Insulation in the amount of $2,671,000.

Plaintiffs sent Continental a letter via certified mail on December 26, 2007, offering to resolve Plaintiffs' claims against Continental and Ecklund Insulation for policy limits. The December 26, 2007 letter further stated that the offer to settle would remain open for 30 days from Continental's receipt of the letter. Continental received the letter on January 2, 2008. Continental did not respond to Plaintiffs' counsel within 30 days, or at any time before the instant lawsuit was filed.

Subsequent to the entry of judgment, Plaintiffs obtained an assignment from Ecklund Insulation of all causes of action it had against Continental in exchange for a covenant not to execute.

Plaintiffs are informed that Continental is currently providing Ecklund Insulation a defense under a reservation of rights in a similar asbestos matter in San Francisco Superior Court entitled *Byron v Asbestos Defendants*, Case No. 274139 filed on April 2, 2007.

Continental's Statement of Facts:

Continental removed this action to the District Court for the Northern District of California on March 20, 2008, and currently has pending a Motion to Strike allegations in Plaintiffs' Second Amended Complaint. That motion is set for hearing on July 11, 2008. Continental has not yet answered Plaintiffs' Second Amended Complaint (the "Complaint"). In their Complaint, Plaintiffs allege that Glens Falls Insurance Company issued a policy to Ecklund Insulation. Ecklund Insulation has been defunct for decades and Continental has searched but found no record of ever insuring Ecklund Insulation. No policy has been produced by any party and, therefore, the existence and terms of any alleged policy are in dispute. Plaintiffs further allege that sometime prior to their commencing this action in state court, Continental was provided with a purported certificate of insurance showing a Glens Falls policy issued to Ecklund Insulation. Continental has no record of receiving this document or any policy-specific information concerning coverage for Ecklund Insulation prior to this lawsuit. Continental has requested that Plaintiffs provide evidence that this document was received by Continental, but Plaintiffs have not yet responded.

Continental generally denies that Plaintiffs are entitled to the relief sought and denies it breached any obligation it may have owed to Plaintiffs or Ecklund Insulation. By this statement Continental does not admit that any of Plaintiffs contentions are valid or accurate and reserves the right to respond to each allegation if and when it is required to answer.

Factual Issues in Dispute:

The principal factual issues in dispute are:

I.   Policy Existence

- Whether Plaintiffs search for coverage was legally sufficient.
- Whether there is sufficient evidence of the existence and essential terms and conditions of the missing/alleged policy(ies) to establish coverage under applicable law.
- What are the terms of the alleged/missing policy(ies) with respect to the coverage issues presented by this claim.

II.  Coverage Issues

- Whether Continental breached any duties to Plaintiffs and to Ecklund Insulation in not defending Ecklund Insulation in the litigation filed by Plaintiffs.
- If Plaintiffs establish terms and conditions of the missing/alleged policy(ies), does the injury alleged by Plaintiffs trigger coverage under those terms and conditions.
- Whether Continental breached in failing to investigate the existence of coverage.
- Whether Continental breached in failing to settle with Plaintiffs
- Whether Continental breached the duty of good faith and fair dealing to Plaintiffs and/or Ecklund Insulation.
- Whether Plaintiffs or Ecklund Insulation gave adequate notice to Continental.
- Whether the provisions of any policy that may be established provide coverage for Plaintiffs' claim.
- Whether Ecklund Insulation fully performed all its obligations owed under any policy that is established.
- Whether Ecklund Insulation breached any duty of good faith and fair dealing it may have owed to Continental.

III.  Damages

- Whether proper notice was given of the damages sought against Ecklund Insulation.
- Whether the Superior Court had jurisdiction to award the default damages sought in this action.
- What compensable damages did Plaintiffs (or Ecklund Insulation by assignment to Plaintiffs) suffer as a result of any established breaches.

3.  <u>Legal Issues</u>:

I.  Policy Existence

- The applicable legal standards for introducing secondary evidence of an alleged/missing policy.

- The applicable legal standards for establishing the existence and essential terms of an alleged/missing policy.

II. Coverage Issues

- What if any duties were owed under any surviving claims for relief, to whom are those duties owed, and what are the scope and limitations.
- What is required to trigger coverage under the terms of the alleged/missing policy, and whether the injuries alleged trigger coverage under those terms.
- Whether Continental breached in failing to investigate the existence of coverage.
- Whether Continental breached in failing to settle with Plaintiffs
- Whether Continental breached the duty of good faith and fair dealing to Plaintiffs and/or Ecklund Insulation.
- Whether Plaintiffs or Ecklund Insulation gave adequate notice to Continental.
- Whether the provisions of any policy that may be established provide coverage for Plaintiffs' claim.
- Whether Ecklund Insulation fully performed all its obligations owed under any policy that is established.
- Whether Ecklund Insulation breached any duty of good faith and fair dealing it may have owed to Continental.

III. Damages

- What damages are recoverable on assignment and/or by a judgment creditor.
- What notice was required in order to prove the damages sought against Ecklund Insulation.
- What jurisdiction did the Superior Court have, if any, to award the default damages sought in this action.

IV. Ecklund Insulation

- What are the parties' respective rights, if any, between each other, Ecklund Insulation, Jerry Ecklund and other third parties given Ecklund Insulation has been defunct for decades?

4. <u>Motions</u>: the only pending motion, which will be heard the same day as the Case Management Conference, is Continental's Motion to Dismiss Certain Claims and Motion to Strike Punitive Damages. Plaintiffs do not currently anticipate filing any motions.

Continental anticipates filing motions on two matters. First, Continental anticipates, depending on how the evidence develops during discovery, filing a motion to separate the trial into three phases under Federal Rules of Civil Procedure 42(b). Continental identifies three distinct issues, each dependent on resolution of the issues before it: (1) policy(ies) existence; (2) performance; and (3) damages.

Second, Continental anticipates filing one or more motions for summary judgment and/or summary adjudication in anticipation of the different trial phases identified. These possible motions would essentially track the factual and legal issues identified above.

5. <u>Amendment of Pleadings</u>: Plaintiffs do not currently expect to add or dismiss any parties or claims. Continental anticipates that at least one further amended complaint will be required in light of Continental's pending motion to dismiss.

6. <u>Evidence Preservation</u>: Plaintiffs have requested that Continental preserve electronic evidence, including, but not limited to, emails and the adjuster's "Claim Activity" sheets. Continental's counsel advises that Continental already has retention policies in place to preserve this evidence.

7. <u>Disclosures</u>: The parties have agreed to comply with the initial disclosure requirements of Federal Rules of Civil Procedure, Rule 26(a)(1) by July 10, 2008.

8. <u>Discovery</u>: Plaintiffs have provided Continental with informal discovery. The parties' joint discovery plan is set forth in a separate document entitled "Joint Discovery Plan."

9. <u>Class Actions</u>: N/A

10. <u>Related Cases</u>: N/A

11. <u>Relief</u>: Plaintiffs seek $2,671,000, which is the total judgment currently against Ecklund Insulation, Continental's alleged insured, plus interest thereon. Plaintiffs also seek exemplary damages based on Continental's bad faith conduct, failure to settle, failure to defend and breach of the implied covenant of good faith and fair dealing. Plaintiffs further seek attorneys' fees and the costs of this suit.

12. <u>Settlement and ADR</u>: The parties have complied with ADR L.R. 3-5 and have agreed to

1  ENE. After ENE, if the case has not settled and the parties think it would be beneficial, the parties have
2  agreed to also engage in mediation before a mediator with JAMS. Plaintiffs believe some discovery is
3  necessary before the parties participate in any ADR and have agreed with Continental to schedule the
4  ENE within six months.

5     13.  <u>Consent to Magistrate Judge for all Purposes</u>: The parties will not consent to have a
6  magistrate judge conduct all further proceedings including trial and entry of judgment.

7     14.  <u>Other References</u>: This case is not suitable for binding arbitration, a special master or the
8  Judicial Panel on Multidistrict Litigation.

9     15.  <u>Narrowing of Issues</u>: Plaintiffs do not currently believe that issues can be narrowed by
10 agreement or by motion. Continental believes that its anticipated motion under Rule 42(b) will help
11 narrow the issues. Continental also believes that its pending motion to dismiss will narrow the issues
12 significantly, and the issues will be further narrowed by summary judgment or summary adjudication.

13    16.  <u>Expedited Schedule</u>: N/A

14    17.  <u>Scheduling</u>: Plaintiffs propose setting the discovery cut-off approximately 5 months out,
15 hearing of dispositive motions 8 months out, and pretrial conference and trial 9 months out. Continental
16 agrees to that schedule as to the lost policy trial.

17    18.  <u>Trial</u>:

18  Plaintiffs request a jury trial and expect the trial to last approximately 10 days. Plaintiffs desire
19 a trial date now, set for approximately 9 months out.

| Completion of propounding all fact discovery | December 15, 2008 |
| --- | --- |
| Deadline for filing summary judgment motions | January 2, 2009 |
| Deadline for completion of ADR process | January 9, 2009 |
| Last day to file any fact discovery motions | January 14, 2009 |
| Exchange expert disclosures/reports | January 27, 2009 |
| Exchange rebuttal expert disclosures/reports | February 26, 2009 |
| Completion of all expert discovery | March 13, 2009 |
| Last day to file any expert discovery motions | March 27, 2009 |
| Final Pretrial Conference | April 17, 2009 |
| Trial | April 27, 2009 |

1    Continental agrees to this schedule as to the lost policy trial, subject to changes for good cause. As to the trial on coverage and damages, additional time will probably be required for expert disclosures, expert discovery and motions for summary judgment/adjudication. This can be determined after a ruling on the lost policy trial.

19. <u>Disclosure of Non-party Interested Entities or Persons</u>: Each party has filed the "Certification of Interested Entities or Persons" required by Civil Local Rule 3-16. Plaintiffs again identify Ecklund Insulation, Inc., insured of The Continental Insurance Company, successor to Glens Falls Insurance Company, and assignor of claims against The Continental Insurance Company to Plaintiffs. Continental again identifies CNA Financial Corporation, parent organization of The Continental Insurance Company.

Dated: July 7, 2008

CLAPPER, PATTI, SCHWEIZER & MASON

By: _____
Jack K. Clapper
Steven J. Patti
Christine A. Renken
Attorneys for Plaintiffs

Dated: July 7, 2008

CARROLL, BURDICK & McDONOUGH LLP

By: _____
G. David Godwin
Raymond J. Tittmann
Attorneys for Defendant