Jack K. Clapper, Esq. (State Bar No. 83207)
Steven J. Patti (State Bar No. 163773)
Christine A. Renken (State Bar No. 232797)
CLAPPER, PATTI, SCHWEIZER & MASON
Marina Office Plaza
2330 Marinship Way, Suite 140
Sausalito, CA 94965
Telephone: (415) 332-4262
Facsimile: (415) 331-5387
Email: jkc@clapperlaw.com
       steve@clapperlaw.com
       christine@clapperlaw.com

Attorneys for Plaintiffs
Franklin Ham and Dana Ham


G. David Godwin, Esq. (State Bar No. 148272)
Raymond J. Tittmann, Esq. (State Bar No. 191298)
CARROLL, BURDICK & McDONOUGH LLP
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone: (415) 989-5900
Facsimile: (415) 989-0932
Email: dgodwin@cbmlaw.com

Attorneys for Defendant
The Continental Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FRANKLIN HAM and DANA HAM, | Case No. CV 08 1551 SC |
| Plaintiffs, | **JOINT FEDERAL RULES OF CIVIL PROCEDURE, RULE 26(F) REPORT** |
| v. | Date: July 11, 2008 |
| THE CONTINENTAL INSURANCE COMPANY; and DOES 1 through 50, | Time: 10:00 a.m. |
| | Courtroom: 1 |
| Defendants. | **Hon. Samuel Conti** |

1. <u>Changes to the timing, form or requirements for disclosures under Rule 26(a)</u>: The parties have agreed to comply with Rule 26(a)(1) and engage in initial disclosures by July 10, 2008.

2. <u>Discovery subjects and timing</u>: The parties anticipate propounding written discovery, including document requests, interrogatory requests and requests for admissions, as well as deposition discovery. The parties also believe it may be necessary to take third party discovery, including discovery of persons located outside of California.

    A. Plaintiffs' Subjects of Discovery (Plaintiffs' Statement)

- Coverage for Ecklund Insurance by Glens Falls Insurance Company, including the relationship between Glens Falls and The Continental Insurance Company
- Continental's notice of claims and claim handling policies
- Information received by Continental regarding Plaintiffs' claim versus Ecklund Insulation
- Continental's investigation regarding Ecklund Insulation's policies of insurance
- Continental's decision not to defend or settle

Plaintiffs anticipate that they will propound written discovery within 45 days, receive discovery responses within 90 days, notice depositions within 120 days and complete lay witness discovery within 160 days.

Plaintiffs do not believe that phasing or trifurcating of discovery is expeditious or appropriate. Continental would like to limit the first phase of discovery to address only the existence of the alleged insurance policies. This would actually complicate the issues and lead to duplicative discovery, since the areas of coverage and investigation are not neatly severable. If the Court considers bifurcating or trifurcating the trial, Plaintiffs request an opportunity to brief the issue.

    B. Continental's Subjects of Discovery (Continental's Statement):

    I. Ecklund Insulation

- The corporate status of Ecklund Insulation.
- The scope and nature of Ecklund Insulation's operations.
- Plaintiffs' contacts, if any, with Ecklund Insulation.

II. Policy Existence

- The nature of the search for the alleged missing policies conducted by Plaintiff.
- What evidence exists of the existence and material terms of the missing/alleged policy(ies).
- Ecklund Insulation's procurement of insurance including, without limitation, the scope of authority for its agents, brokers and representatives.

III. Coverage Issues (if a policy and its terms are established)

- Ecklund Insulation's conduct in connection with any duties it may have owed under any policy that is established.
- The nature of Plaintiffs' injuries with respect to whether coverage is triggered under any policy that is established.
- The facts of Plaintiffs' claims pertinent to coverage under any policy that is established.
- The nature of Plaintiffs' claims.
- Notice

IV. Damages (if a policy(ies) is established, coverage is found, and a breach is found)

- What compensable damages did Plaintiffs (or Ecklund Insulation by assignment to Plaintiffs) suffer, if any, as a result of any established breaches.
- The scope and nature of Plaintiffs' alleged damages.
- Notice regarding damages.

Continental is not at this time asking the Court to restrict discovery in any way that is not already required by applicable law. Continental is requesting that any discovery concerning Plaintiffs' punitive damages claim be stayed pending resolution of policy existence, coverage issues and damages. Continental reserves the right to file a discovery motion to the extent any discovery is objectionable for any reason, including if it is unduly burdensome in light of the procedural posture of the case, and should be more suitably deferred to a later time.

Continental anticipates that it will propound an initial set of written discovery within 30 days, receive discovery responses within 60 days, notice depositions within 90 days, propound any follow-up written discovery within 150 days, and, if no motions to compel are required or other difficulties arise, complete lay witness discovery within 210 days.

3. <u>Electronic Discovery</u>: Plaintiffs have requested that Continental maintain all emails and information stored electronically, including Continental's "Claim Activity" sheet. Plaintiffs have advised Continental that Plaintiffs may request such information in native format. Continental advises that electronic information contains no additional information than the printed versions, and production in electronic format would be unduly burdensome and serve no useful purpose. Moreover, the electronic form commingles privileged and non-privileged communication that cannot be separated for purposes of production.

Continental likewise asks Plaintiffs to retain all emails and information stored electronically, including, without limitation, any information relating to their, their counsel's or other representatives' search efforts, communications with Ecklund Insulation, other asbestos claimant counsel concerning Plaintiffs, Continental, Glens Falls or Ecklund Insulation, or in any way related to this action or the underlying action.

4. <u>Privilege Issues</u>: The parties have agreed that each party does not need to log communications between them and their counsel or that refer to such communications on any privilege log. However, two issues may arise that could effect this issue. First, Plaintiffs reserve the right to discover such communications if Continental raises the advice of counsel defense. Continental has stated that communications with counsel are maintained on the "Claim Activity" sheet, among other locations. Second, Continental reserves the right to discover Plaintiffs' work product and privileged communications to the extent Plaintiffs rely on counsel's efforts to satisfy any applicable search requirements for policies.

5. <u>Proposed Changes to Discovery Limitations</u>: Plaintiffs have requested that Continental agree to allow Plaintiffs to propound more than the 25 Special Interrogatories currently allowed. In light of the numerous issues in this case, from coverage to Continental's practices and procedures, Plaintiffs will need more than 25 Special Interrogatories. Plaintiffs request a limit of 70 Special Interrogatories.

1 Continental has said it will agree to additional interrogatories if Plaintiffs agree to phase the trial in the
2 form Continental has proposed.
3     Continental wishes to take the deposition of Mr. Ham. As Mr. Ham is suffering and dying from
4 mesothelioma and has already endured five days of deposition in the Underlying Action, Plaintiffs
5 request that Mr. Ham's deposition be limited to 2 hours. Plaintiffs have provided Continental with a
6 copy of Mr. Ham's prior deposition, which did address Mr. Ham's work around Ecklund Insulation's
7 employees. Continental believes it can complete Mr. Ham's deposition in 6-8 hours and is willing to
8 spread it out over time and hold it at a location convenient to Mr. Ham. Mr. Ham is the primary Plaintiff
9 in this action and his testimony is crucial to several issues concerning coverage and damages.
10 Moreover, Mr. Ham's prior deposition may not be admissible for all purposes in this action. If at any
11 time Plaintiffs believe the deposition is not proceeding expeditiously, Plaintiffs should make a motion.
12 At this point it is premature to limit Continental's ability to take Mr. Ham's deposition.
13     The parties do not currently have any other proposed changes to discovery limitations.
14 / / /
15 / / /
16 / / /
17 / / /
18 / / /
19 / / /
20 / / /
21 / / /
22 / / /
23 / / /
24 / / /
25 / / /
26 / / /
27 / / /
28 / / /

6. <u>Other Orders</u>: The parties do not currently wish the Court to make any other orders under Rule 26(c) or Rule 16(b) and (c). However, Continental advises the Court that it anticipates, depending on what develops during discovery, to make a motion under Federal Rule of Civil Procedure 42(b) to separate certain issues for trial. Specifically, as discussed further in the parties' Joint Case Management Conference Statement, Continental believes the following issues should be tried separately: (1) whether Plaintiffs can establish the existence and terms/conditions of the policy under applicable law; (2) if a policy(ies) and its terms and conditions are established, whether there is coverage under the policies, what duties are owed under the policies, and whether Continental breached any duties; and (3) if a policy(ies) and its terms and conditions are established, if coverage is found, and if a breach is found, what are the appropriate damages.

Dated: July 7, 2008

CLAPPER, PATTI, SCHWEIZER & MASON

By: _____
Jack K. Clapper
Steven J. Patti
Christine A. Renken
Attorneys for Plaintiffs

Dated: July 7, 2008

CARROLL, BURDICK & McDONOUGH LLP

By: _____
G. David Godwin
Raymond J. Tittmann
Attorneys for Defendant