

**CARROLL, BURDICK & McDONOUGH LLP**

44 Montgomery Street
Suite 400
San Francisco, CA
94104-4606

415.989.5900
415.989.0932 Fax
www.cbmlaw.com

Los Angeles
Sacramento
Walnut Creek

July 8, 2008

Raymond J. Tittmann
Direct Dial: 415.743.2518
rtittmann@cbmlaw.com

The Honorable Samuel Conti
Senior Judge, United States District Court
Northern District of California
450 Golden Gate Avenue
Courtroom 1, 17th Floor
San Francisco, CA  94102

> **Re: *Franklin and Dana Ham v. The Continental Insurance Company*
> Case No. CV 1551 SC**

Dear Judge Conti:

This letter addresses Plaintiffs' sur-reply letter-brief filed yesterday. Specifically, we address first whether Plaintiffs' letter-brief was proper, and second the validity of Plaintiffs' argument.  To begin, Plaintiffs' letter-brief was submitted after the Court ordered that the motion to dismiss was submitted on the papers, and argues a case that should have been included in Plaintiffs' opposition brief.  Defendant The Continental Insurance Company ("Continental") therefore moves to strike the sur-reply for violating Local Rule 7-3(d).

Local Rule 7-3(d) provides that supplemental matters may be submitted only in the event a new decision is published ***after*** the briefing:

> Otherwise, once a reply is filed, no additional
> memoranda, papers or letters may be filed without prior
> Court approval.

Plaintiffs' case, *Consolidated American Ins. Co. v. Mike Soper Marine Servs.*, 951 F.2d 186 (9th Cir. 1991), is obviously not new, and Plaintiffs did not obtain prior approval.  Plaintiffs should have argued this case in their opposition.

Plaintiffs try to justify the sur-reply by arguing that Continental "raised a new ground" in its reply brief, namely that "the duty to settle ***did*** 'extinguish' …".  Letter from S. Patti to Judge Conti, July 8, 2008, at 1 (emphasis added).  However, as Continental noted in its reply brief (at 3:17-18, citing Plaintiffs' opposition brief at 5:8), this argument directly responded to the argument in

CBM-IPG\SF410984.1

The Honorable Samuel Conti
Re:  Franklin and Dana Ham v. The Continental Insurance Company
     Case No. CV 1551 SC
July 8, 2008
Page 2

Plaintiffs' opposition brief that the duty to settle "is *not* extinguished" (emphasis added).

Continental's reply brief properly responded to the argument in Plaintiffs' opposition brief.

As the Southern District of New York ruled in *Litton Industries, Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 767 F. Supp. 1220, 1235 (S.D.N.Y. 1991), rev'd on other grounds 967 F2d 742 (2nd Cir. 1992):

> Clearly, reply papers may properly address new material issues raised in the opposition papers so as to avoid giving unfair advantage to the answering party who took it upon himself to argue those previously unforeseen issues.

Plaintiffs simply neglected to argue the *Consolidated* case in their opposition brief, as the issue is raised by Continental's opening brief. Specifically, Plaintiffs' sur-reply argues that *Consolidated* "stands for the proposition" that the duty to settle "persists ***post***-judgment" "even where the insured has a covenant not to execute." Letter from S. Patti to Judge Conti, July 8, 2008, at 2 (emphasis added). Continental's opening brief raises this issue in its argument that Plaintiffs failed to allege a settlement demand "***pre-***judgment." Defendant The Continental Insurance Company's Motion To Strike Plaintiffs' Claim for Punitive Damages and To Dismiss Certain Claims, filed May 23, 2008 ("Continental's Opening Brief"), at 11:9-10 (emphasis in original).

Plaintiffs' sur-reply also reiterates the argument in Plaintiffs' own opposition brief that "an insurer's duty to settle is not extinguished upon entry of judgment." Plaintiffs' Opposition to Defendant The Continental Insurance Company's Motion To Strike Plaintiffs' Claim for Punitive Damages and To Dismiss Certain Claims, June 20, 2008, at 5:8.

Plaintiffs are improperly trying to re-argue matters that were already fully briefed. Under Local Rule 7-3, the sur-reply should be stricken.

With respect to the merits of Plaintiffs' argument, the case they submit, *Consolidated American Ins. Co. v. Mike Soper Marine Servs.*, 951 F.2d 186 (9th Cir. 1991), did not consider the chief arguments raised by Continental's motion to dismiss. Because it did not consider the arguments, it cannot be understood to reject those arguments. "It is axiomatic that cases are not authority for propositions not considered." *In re Marriage of Cornejo*, 13 Cal. 4th 381, 388 (1996) (internal quotations omitted).

The Honorable Samuel Conti
Re:  Franklin and Dana Ham v. The Continental Insurance Company
     Case No. CV 1551 SC
July 8, 2008
Page 3

In the passages quoted by Plaintiffs in their sur-reply, the Ninth Circuit in *Consolidated* rejected an argument that a covenant not to execute **always** – by its very nature and regardless of sequence – cancels out a claim of breach of duty to settle because that erases any risk to the insured. 951 F.2d at 190 (the insurer argued that the policyholder "became insulated from loss by the covenant not to execute"). The Ninth Circuit purported to follow California law that a covenant not to execute does not necessarily insulate a policyholder from risk. 951 F.2d at 191 (citing *Critz v. Farmers Ins. Group*, 230 Cal. App. 2d 788 (1964)).

*Critz* involved a **pre**-judgment settlement demand, not a **post**-judgment settlement demand. Therefore, *Critz* stands for the proposition that a **pre**-judgment breach of the duty to settle can cause a later excess judgment even when the judgment is coupled with a covenant not to execute. That was the only argument considered and decided by the Ninth Circuit in *Consolidated*.

That is **not**, however, the decisive issue here. The key points here are (1) timing, i.e., that **after** a judgment and **after** a covenant not to execute, there is no **further** duty to defend and settle, and consequently there can be no breach of the duty **post-judgment**, and (2) causation, i.e., post-judgment conduct cannot cause an earlier judgment. While these issues might "lurk" in the *Consolidated* opinion, the insurer never argued, and the court did not consider, the problems with timing or causation. As the Supreme Court has held, "Questions which merely lurk in the record, neither brought to the attention of the court nor ruled upon, are not to be considered as having been so decided as to constitute precedents." *Cooper Industries, Inc. v. Aviall Services, Inc.*, 543 U.S. 157, 170, (2004) (citing *Webster v. Fall*, 266 U.S. 507, 511 (1925)).

Moreover, applying *Consolidated* in a way that rejects those arguments on timing and causation rejects fundamental principles of California law, and this Court is bound by California law on this state issue. *See Vernon v. City of Los Angeles*, 27 F.3d 1385, 1391 (9th Cir. 1994) ("A federal court interpreting state law is bound by the decisions of the highest **state** court.") (emphasis added).

As to timing, Plaintiffs' application of *Consolidated* disregards California law that the duty to defend and the corresponding duty to settle "expired" upon entry of judgment. *See Lambert v. Commonwealth Land Title Ins. Co.*, 53 Cal. 3d 1072, 1077 (1991) ("The duty commences upon tender of the defense, and continues **until the underlying lawsuit is concluded**.") (emphasis added); *Montrose Chemical Corp. v. Superior Court*, 6 Cal. 4th 287, 295 (1993) (same). *Peerless Lighting Corp. v. American Motorists Ins. Co.*, 82 Cal. App. 4th 995, 1016 (2000) ("since [the insurer] had no duty to defend the underlying

The Honorable Samuel Conti
Re: Franklin and Dana Ham v. The Continental Insurance Company
     Case No. CV 1551 SC
July 8, 2008
Page 4

action, it had no duty to settle it"). Post-judgment, when the demand was allegedly sent, California law provides that Continental had no further duty to settle, and therefore could not have breached any duty.

As to causation, the California Supreme Court in *Comunale v. Traders & Gen Insur. Co.*, 50 Cal. 2d 654, 660-61 (1958) expressly stated that the excess judgment must have been "proximately caused by the breach." It is axiomatic that an effect cannot predate its cause. No California case holds or implies to the contrary.

This Court, sitting in diversity, must apply these state court decisions:

> A federal court applying California law must apply the law as it believes the California Supreme Court would apply it. In the absence of a controlling California Supreme Court decision, the panel must predict how the California Supreme Court would decide the issue, using intermediate appellate court decisions, statutes, and decisions from other jurisdictions as interpretive aids.

*Gravquick A/S v. Trimble Navigation Intern. Ltd.*, 323 F.3d 1219, 1222 (9th Cir. 2003) (citations omitted). California's rulings in *Lambert*, *Montrose*, *Peerless*, and *Comunale*, all support the conclusion that Plaintiffs' third cause of action cannot survive.

Finally, the facts of *Consolidated* are distinguished from the facts present here in two important ways. First, the logic of *Consolidated* – that a covenant not to execute does not insulate a policyholder because the pending judgment may affect the policyholder's credit – does not apply because, as Plaintiffs' pleadings acknowledge, Ecklund Insulation has been defunct for several decades after the state of Nevada revoked its corporate charter. Complaint, Ex. D at 2:5-7. Whatever credit concerns the policyholder in *Consolidated* might have had regarding a pending judgment, Ecklund Insulation has and had no such concern. As this Court itself has held, "an estate without assets has no interests that can possibly be damaged by excess liability." *Fritz v. Allstate Insur. Co.*, Case No. 92-1049, 1993 WL 255439, *2 (N.D. Cal. May 14, 1993) aff'd 62 F.3d 1424 (9th Cir. 1995) (citing *Shapero v. Allstate Ins. Co.*, 14 Cal. App. 3d 433, 438 (1971)).

Likewise, the California Court of Appeal in *Wolkowitz v. Redland Ins. Co.*, 112 Cal. App. 4th 154, 166-167 (2003) (Croskey, J.) granted a demurrer with prejudice because the policyholder was "out of business and insolvent" nine months earlier:

The Honorable Samuel Conti
Re:  Franklin and Dana Ham v. The Continental Insurance Company
     Case No. CV 1551 SC
July 8, 2008
Page 5

> Based on such judicially noticed circumstances, the trial court concluded that even if a judgment had been entered in excess of policy limits in [the plaintiffs'] personal injury action, [the policyholder's] preexisting insolvent status establishes that it suffered no compensable harm from any act or omission by the [attorneys appointed by the insurer to defend].
>
> The trial court's ruling was thus correct. The demurrer of the attorney defendants was properly sustained without leave to amend.

Thus the logic of *Consolidated* does not apply to these facts.

Second, *Consolidated* involved a definite settlement demand of $500,000. 951 F.2d at 188. Here, the alleged demand did not specify any dollar figure. Rather, it was for admittedly unknown limits of an unknown number of policies, the existence and terms of which have yet to be established.[1] An actual demand is the *sine qua non* of a claim for breach of the duty to settle, and Plaintiffs here made no legitimate demand. *See* Continental's Opening Brief at 11:15 *et seq.*

Under California law, Plaintiffs' third cause of action for breach of duty to settle should therefore be dismissed with prejudice.

Sincerely,

CARROLL, BURDICK & McDONOUGH LLP

Raymond J. Tittmann

RJT:cf

---

[1] The alleged December 26, 2007, demand, according to the Complaint, seeks a settlement of "the Policies' limits." Complaint ¶ 15. The Complaint alleges one policy with a $100,000 per person limit, and unknown additional policies on information and belief "for multiple years after 1966" with limits "the same or more" than the alleged $100,000 policy. Complaint ¶¶ 5-6. The Complaint then defines these as the "Policies." *Id.* Thus, the total number of "Policies," the total years of the "Policies," and the total limits of the "Policies" are all unknown according to the allegations of the Complaint.

CBM-IPG\SF410984.1