1  Jack K. Clapper, (State Bar No. 83207)
   Steven J. Patti, (State Bar No. 163773)
2  Clapper, Patti, Schweizer & Mason
   Marina Office Plaza
3  2330 Marinship Way, Suite 140
   Sausalito, CA 94965
4  Telephone: (415) 332-4262
   Facsimile: (415) 331-5387
5
   Attorney for Plaintiffs
6

7

8              UNITED STATES DISTRICT COURT

9       NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

10

11 FRANKLIN HAM and DANA HAM,      ) Case No. CV 08 1551 SC
                                   )
12      Plaintiffs,                ) **PLAINTIFFS' OBJECTION TO THE**
                                   ) **CONTINENTAL INSURANCE COMPANY'S**
13 v.                              ) **LATE-FILED REQUEST FOR LEAVE TO**
                                   ) **FILE REQUEST FOR JUDICIAL NOTICE;**
14 THE CONTINENTAL INSURANCE       ) **REQUEST FOR BRIEFING AND HEARING**
   COMPANY; and DOES 1 through 50, ) **(Fed. R. Evid. 201(e))**
15                                 )
        Defendants.                )
16

17      Plaintiffs hereby object to the late-filed "Request for Leave to file Request for Judicial

18 Notice", filed by Defendant The Continental Insurance Company ("Continental") in this action.

19 Plaintiffs object on the ground that the request is not timely pursuant to Local Civil Rule of Court

20 7-3(c). Defendant has not made a sufficient showing of due diligence to support an excuse from

21 compliance with the time limits imposed by Rule 7-3(c). Finally, Continental's citation to L.R. 7-

22 3(d) is unavailing. That rule extends the time for filing papers when a hearing has been continued to

23 a new date, not when a hearing has been taken off calendar and the matter deemed submitted.

24      If the Court is inclined to grant Continental's request to file its Request for Judicial Notice,

25 Plaintiffs respectfully request: (1) the opportunity to file a brief challenging the propriety of the

26 Request for Judicial Notice; and (2) "an opportunity to be heard as to the propriety of taking judicial

27 notice and the tenor of the matter noticed," as required by Federal Rule of Evidence 201(e). *See*

28 *also Rose v. Hartford Underwriters Ins. Co.* (6th Cir. 2000) 203 F.3d 417, 421.

CPSM
2330 Marinship Way, #140
Sausalito, CA 94965
(415) 332-4262

PLAINTIFFS' OBJECTION TO LATE-FILED REQUEST FOR LEAVE TO FILE REQUEST FOR JUDICIAL NOTICE; REQUEST FOR BRIEFING AND HEARING (F. Rule Evidence 201(e)) Case No. CV 08 1551 SC    1

If necessary, Plaintiffs will object to the Request for Judicial Notice on the following grounds:

1. The legal briefs filed by parties in another case are not the proper subjects of judicial notice under Federal Rule of Evidence 201(b), nor can they be cited to augment or "provide more context" to the published decisional law of a Federal District Court (or for any purpose).

2. The exhibits, affidavits and other evidence cited in the *Pioneer Chlor Alkali Co. v. Nat'l Union* briefs submitted by Continental are not provided, so that there is no way for this Court to judge the accuracy of the various factual assertions made in the briefs. The request for judicial notice asks the Court to take judicial notice of hearsay statements, not capable of accurate or ready determination, in violation of Federal Rules of Evidence 201(b) and 802.

3. Defendant's request states, "Continental does not request the Court take judicial notice of the facts stated in these documents, but rather of the pleadings themselves as they informed the District Court of Nevada in reaching its decision in *Pioneer Chlor Alkali Co. v. Nat'l Union* 863 F. Supp. 1237 (D.Nev. 1994)." This is an untenable distinction, since there is no way of knowing which alleged facts the District Court chose to accept, reject, consider or disregard, apart from those it specifically discussed in its published opinion. The Nevada District Court's opinion cannot be read to encompass facts not referenced therein, which is what Continental is asking this Court to do.

4. The timing of the request, in which Continental asks the Court to read and consider 106 pages of legal briefing after the Court has deemed the matter submitted, is patently unfair, since it deprives Plaintiffs of any opportunity to respond to whatever it might be in those pages that Continental would have the Court consider.

5. The case relied upon by Continental does not even remotely support its request. *Holder v. Holder* (9th Cir. 2002) 305 F.3d 854 was a case involving a United States Air Force member's suit, based upon the Hague Convention, seeking the return of his children to Germany from his wife's custody in Washington. The District Court had stayed the action pending the outcome of the Holders' California divorce action, and Mr. Holder appealed. The Ninth Circuit considered Mrs. Holder's argument that there was ***issue preclusion*** in the Hague Convention case based upon the outcome of the California divorce action. The Court took judicial notice of the briefs previously

CPSM
2330 Marinship Way, #140
Sausalito, CA 94965
(415) 332-4262

PLAINTIFFS' OBJECTION TO LATE-FILED REQUEST FOR LEAVE TO FILE REQUEST FOR JUDICIAL NOTICE; REQUEST FOR BRIEFING AND HEARING (F. Rule Evidence 201(e)) Case No. CV 08 1551 SC    2

filed by the *same parties* in the divorce case to determine if the issue in question had been "actually litigated and necessarily decided," (a prerequisite to the application of issue preclusion). See *Id.* at 866. That case has no application here, where Continental is asking the Court to take judicial notice of briefs filed by other parties in another case, in its attempt to essentially re-draft or supplement a published opinion.

Dated: July 17, 2008.

Clapper, Patti, Schweizer & Mason

By: _____
Steven J. Patti
Attorney for Plaintiffs

CPSM
2330 Marinship Way, #140
Sausalito, CA 94965
(415) 332-4262

PLAINTIFFS' OBJECTION TO LATE-FILED REQUEST FOR LEAVE TO FILE REQUEST FOR JUDICIAL NOTICE; REQUEST FOR BRIEFING AND HEARING (F. Rule Evidence 201(e)) Case No. CV 08 1551 SC     3