Jack K. Clapper, Esq. (State Bar No. 83207)
Steven J. Patti (State Bar No. 163773)
Christine A. Renken (State Bar No. 232797)
Clapper, Patti, Schweizer & Mason
Marina Office Plaza
2330 Marinship Way, Suite 140
Sausalito, CA 94965
Telephone: (415) 332-4262
Facsimile: (415) 331-5387
Email: jkc@clapperlaw.com
       steve@clapperlaw.com
       christine@clapperlaw.com

Attorney for Plaintiffs

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA - SAN FRANCISCO DIVISION

| | |
|---|---|
| FRANKLIN HAM and DANA HAM,<br><br>    Plaintiffs,<br><br>v.<br><br>THE CONTINENTAL INSURANCE COMPANY; and DOES 1 through 50,<br><br>    Defendants | Case No. CV 08 1551 SC<br><br>**STIPULATION TO ALLOW ADDITIONAL INTERROGATORIES AND ORDER** |

Pursuant to Federal Rules of Civil Procedure, Rule 33, Plaintiffs, Franklin Ham and Dana Ham (collectively "Plaintiffs"), through counsel, and Defendant, The Continental Insurance Company ("Continental"), through counsel, hereby stipulate and agree as follows:

1. Plaintiffs, Franklin Ham and Dana Ham may collectively propound on Continental up to and including seventy-five interrogatories; and

2. Continental may propound on Plaintiffs collectively up to and including seventy-five interrogatories. This seventy-five interrogatories includes the twenty-seven interrogatories already

propounded, a copy of which is attached as Exhibit A.

**IT IS SO STIPULATED AND AGREED.**

Dated: October 16, 2008                Clapper, Patti, Schweizer & Mason

                                       By: /s/ Clapper
                                       Jack K. Clapper, Esq.
                                       Steven J. Patti, Esq.
                                       Christine A. Renken, Esq.
                                       Attorneys for Plaintiffs

Dated: October __, 2008                Carroll, Burdick & McDonough LLP

                                       By: /s/
                                       G. David Godwin, Esq.
                                       Raymond J. Tittman, Esq.
                                       Vance A. Woodward, Esq.
                                       Attorneys for Defendant

**SO ORDERED.**

Dated: October 21, 2008

*IT IS SO ORDERED*
*Judge Samuel Conti*
*UNITED STATES DISTRICT COURT NORTHERN DISTRICT OF CALIFORNIA*

**EXHIBIT A**

G. David Godwin, No. 148272
Raymond J. Tittmann, No. 191298
Vance A. Woodward, No. 231730
**CARROLL, BURDICK & McDONOUGH LLP**
Attorneys at Law
44 Montgomery Street, Suite 400
San Francisco, CA 94104
Telephone:  415.989.5900
Facsimile:  415.989.0932
Email:  dgodwin@cbmlaw.com
          rtittmann@cbmlaw.com
          vwoodward@cbmlaw.com

Attorneys for Defendant
The Continental Insurance Company

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| Franklin Ham and Dana Ham,<br><br>            Plaintiffs,<br><br>     v.<br><br>The Continental Insurance Company; and Does 1 through 50,<br><br>            Defendants. | No. CV 08 1551 SC<br><br>**DEFENDANT THE CONTINENTAL INSURANCE COMPANY'S FIRST SET OF INTERROGATORIES**<br><br>**Hon. Samuel Conti** |

PROPOUNDING PARTY:    The Continental Insurance Company ("CONTINENTAL")

RESPONDING PARTY:    Franklin Ham and Dana Ham ("HAM")

SET NUMBER:    One

Pursuant to Rule 33 of the Federal Rules of Civil Procedure, CONTINENTAL hereby serves the following interrogatories to Plaintiff HAM and requests that HAM serve responses within 30 days of the service hereof at the offices of Carroll, Burdick & McDonough LLP, 44 Montgomery Street, Suite 400, San Francisco, California 94104.

## DEFINITIONS

1. "CONTINENTAL" means The Continental Insurance Company and Glens Falls Insurance Co, as well as anyone acting or purporting to act on their behalf.

2. "DOCUMENTS" means "documents" in the broadest sense possible as defined in Rule 34 of the Federal Rules of Civil Procedure, and includes "writings and recordings," "photographs," "original[s]," and "duplicate[s]," as those terms are defined in Rule 1001 of the Federal Rules of Evidence.

3. "HAM" means Plaintiffs Franklin Ham and/or Dana Ham and includes persons acting on their behalf, agents, predecessors and successors.

4. "ECKLUND INSULATION" refers to Ecklund Insulation, Inc., and includes, but is not limited to, its predecessors, successors, agents, employees, directors, partners, officers, and ANY PERSON acting on its behalf, at its direction, or under its control.

5. "INSURANCE POLICIES" means any liability insurance policies, insurance binders, cover notes, certificates of insurance, risk-sharing agreements or fronting arrangements that actually, arguably or potentially provide general liability or products liability insurance coverage. "INSURANCE POLICIES" includes any DOCUMENT tending to prove or disprove the existence of same. "INSURANCE POLICIES" includes amendments, ratifications and endorsements to same.

6. "ALLEGED INSURANCE POLICIES" means any INSURANCE POLICIES that YOU allege provide coverage for YOUR SUIT.

7. "RELATING TO" and "RELATE TO" mean relating to, referring to, connected to, addressing, mentioning, discussing, describing, reflecting, concerning, memorializing, supporting, dealing with, having to do with, associated with, consisting of, constituting, evidencing, comprising, recording, revealing, or in any other way pertaining to the applicable subject, either in whole or in part or directly or indirectly, explicitly or implicitly, regardless whether in the past, present or future.

8. "YOU" or "YOUR" means HAM and HAM's, respectively.

9. YOUR SUIT means YOUR suit, styled *Franklin Ham and Dana Ham v. Acco-Air Conditioning, et al.*, Case No. CGC-06-455063, filed on Aug. 11, 2006, in San Francisco Superior Court.

## INSTRUCTIONS

1. These interrogatories shall be deemed to seek responses to the fullest extent permitted by the Federal Rules of Civil Procedure and are of a continuing nature pursuant to Rule 26(e) of the Federal Rules of Civil Procedure. Thus, YOU are required to serve supplemental responses if YOU obtain or become aware of additional or different information after the service of its initial responses.

2. In answering these interrogatories, please furnish all information, including information contained in writing or other tangible materials that is known or available to YOU.

3. Please answer all interrogatories to the fullest extent possible. If YOU cannot answer any of these interrogatories in full after exercising due diligence to secure the information to provide an answer, please specify the portion of each interrogatory that YOU are unable to answer in full, and please specify the facts on which YOU rely to support YOUR contention that YOU are unable to answer the interrogatory fully or completely.

4. If any interrogatory is deemed to call for the disclosure of privileged information, and such privilege is asserted and such allegedly privileged information is withheld, please furnish a list identifying DOCUMENTS containing or reflecting the allegedly privileged material so withheld containing (a) a brief description of each DOCUMENT that contains the allegedly privileged matter, (b) the date of the DOCUMENTS, (c) the identification of the DOCUMENTS' authors, including the name and title each such author, (d) the subject matter of the DOCUMENTS, (e) the interrogatories to which the DOCUMENTS are responsive, and (f) the basis for any claim of privilege, work product or other ground for withholding the allegedly privileged material.

5. In construing these interrogatories, the plural shall include the singular and the singular shall include the plural; "and" and "or" shall be both conjunctive and disjunctive; "any"

CBM-IPG\SF420927.2                    3

CONTINENTAL'S INTERROGATORIES TO HAM, SET ONE

means "each, every, any and all"; "including" means "including without limitation"; and the past tense includes the present tense and vice versa.

## INTERROGATORIES

**INTERROGATORY NO. 1:**

Please sate all facts RELATING TO YOUR search for and discovery of any INSURANCE POLICIES that may provide coverage to ECKLUND INSULATION for YOUR SUIT.

**INTERROGATORY NO. 2:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, RELATING TO YOUR search for and discovery of any INSURANCE POLICIES that may provide coverage to ECKLUND INSULATION for YOUR SUIT.

**INTERROGATORY NO. 3:**

Please state all facts RELATING TO YOUR search for and discovery of the alleged Certificate of Insurance attached as Exhibit A hereto.

**INTERROGATORY NO. 4:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, RELATING TO YOUR search for and discovery of the alleged Certificate of Insurance attached as Exhibit A hereto.

**INTERROGATORY NO. 5:**

Please state all facts RELATING TO the creation date, drafting, custody and storage of the alleged Certificate of Insurance attached as Exhibit A hereto from its creation to the present.

**INTERROGATORY NO. 6:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, RELATING TO the creation date, drafting, custody and storage of the alleged Certificate of Insurance attached as Exhibit A hereto from its creation to the present.

**INTERROGATORY NO. 7:**

Please state all facts supporting, RELATING TO or rebutting YOUR contention that CONTINENTAL issued an INSURANCE POLICY to ECKLUND INSULATION that was in effect from 1964 to 1966.

**INTERROGATORY NO. 8:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, supporting, RELATING TO or rebutting YOUR contention that CONTINENTAL issued an INSURANCE POLICY to ECKLUND INSULATION that was in effect from 1964 to 1966.

**INTERROGATORY NO. 9:**

Please state YOUR contention and all facts supporting, RELATING TO or rebutting YOUR contention RELATING TO all of the terms (including all provisions, conditions, endorsements, dates in effect, types of coverage, policy limits, deductibles and self-insured retentions) of the ALLEGED INSURANCE POLICY YOU contend was in effect from 1964 to 1966.

**INTERROGATORY NO. 10:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, supporting, RELATING TO or rebutting YOUR contention RELATING TO all of the terms (including all provisions, conditions, endorsements, dates in effect, types of coverage, policy limits, deductibles and self-insured retentions) of the ALLEGED INSURANCE POLICY YOU contend was in effect from 1964 to 1966.

**INTERROGATORY NO. 11:**

Please state all facts supporting, RELATING TO or rebutting YOUR contention that CONTINENTAL issued INSURANCE POLICIES to ECKLUND INSULATION that was in effect from 1966 onwards.

**INTERROGATORY NO. 12:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, supporting, RELATING TO or rebutting YOUR contention that

1 | CONTINENTAL issued INSURANCE POLICIES to ECKLUND INSULATION that
2 | was in effect from 1966 onwards.

**INTERROGATORY NO. 13:**

Please state YOUR contention and all facts supporting, RELATING TO or rebutting YOUR contention RELATING TO all of the terms (including all provisions, conditions, endorsements, dates in effect, types of coverage, policy limits, deductibles and self-insured retentions) of the ALLEGED INSURANCE POLICIES YOU contend were in effect from 1966 onwards.

**INTERROGATORY NO. 14:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, supporting, RELATING TO or rebutting YOUR contention RELATING TO all of the terms (including all provisions, conditions, endorsements, dates in effect, types of coverage, policy limits, deductibles and self-insured retentions) of the ALLEGED INSURANCE POLICIES YOU contend were in effect from 1966 onwards.

**INTERROGATORY NO. 15:**

Please state YOUR contention and all facts supporting, RELATING TO or rebutting YOUR contention RELATING TO whether the "1955 Policy Specimen" referred to in YOUR Initial Disclosures, without any changes or supplements, supplies the exclusive terms for any of the ALLEGED INSURANCE POLICIES.

**INTERROGATORY NO. 16:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, supporting, RELATING TO or rebutting YOUR contention RELATING TO whether the "1955 Policy Specimen" referred to in YOUR Initial Disclosures, without any changes or supplements, supplies the exclusive terms for any of the ALLEGED INSURANCE POLICIES.

**INTERROGATORY NO. 17:**

Please state YOUR contention and all facts supporting, RELATING TO or rebutting YOUR contention RELATING TO whether the "1966 Coverage Part and Jacket

Specimen" referred to in YOUR Initial Disclosures, without any changes or supplements, supplies the exclusive terms for any of the ALLEGED INSURANCE POLICIES.

**INTERROGATORY NO. 18:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, supporting, RELATING TO or rebutting YOUR contention RELATING TO whether the "1966 Coverage Part and Jacket Specimen" referred to in YOUR Initial Disclosures, without any changes or supplements, supplies the exclusive terms for any of the ALLEGED INSURANCE POLICIES.

**INTERROGATORY NO. 19:**

Please describe all alleged breaches of duties and contract provisions YOU contend CONTINENTAL committed against ECKLUND INSULATION, specifying for each alleged breach (a) the duty or contract provision allegedly breached, (b) all alleged acts or failures to act committed by CONTINENTAL that YOU contend constitute a breach, and (c) the date(s) when these acts or failures to act allegedly occurred.

**INTERROGATORY NO. 20:**

For each alleged breach of duty or contract provision YOU contend CONTINENTAL committed against ECKLUND INSULATION, please identify all persons with knowledge, and state the scope of each person's knowledge, RELATING TO that breach.

**INTERROGATORY NO. 21:**

Please describe all consequential damages YOU contend ECKLUND INSULATION suffered as a result of any breaches of duty or contract that CONTINENTAL committed against ECKLUND INSULATION, specifying for each element of damage (a) the nature of the damage, (b) the dollar amount of the damage YOU contend, (c) the date on which the damage was suffered or incurred, and (d) the breach of duty or contract that YOU contend caused the damage

**INTERROGATORY NO. 22:**

For each element of consequential damages YOU contend ECKLUND INSULATION suffered as a result of any breaches of duty or contract that CONTINENTAL committed against ECKLUND INSULATION, please identify all persons with knowledge, and state the scope of each person's knowledge, RELATING TO that element of damages.

**INTERROGATORY NO. 23:**

Please describe all alleged breaches of duties and contract provisions YOU contend CONTINENTAL committed against YOU, specifying for each alleged breach (a) the duty or contract provision allegedly breached, (b) all alleged acts or failures to act committed by CONTINENTAL that YOU contend constitute a breach, (c) the date(s) when the breach allegedly transpired, and (d) any consequential damage YOU allegedly suffered or incurred as a result of the alleged breach.

**INTERROGATORY NO. 24:**

For each alleged breach of duty or contract provision YOU contend CONTINENTAL committed against YOU, please identify all persons with knowledge, and state the scope of each person's knowledge, RELATING TO that breach.

**INTERROGATORY NO. 25:**

Please state all facts RELATING TO YOUR injury YOU contend was caused by ECKLUND INSULATION, specifying (a) the date YOU first suffered YOUR injury, (b) the cause(s) of the injury, and (c) all damages YOU incurred as a result of YOUR injury.

**INTERROGATORY NO. 26:**

Please identify all persons with knowledge, and state the scope of each person's knowledge, RELATING TO YOUR injury YOU contend was caused by ECKLUND INSULATION.

**INTERROGATORY NO. 27:**

Please describe all claims YOU have made alleging another person or entity caused YOU to be exposed to asbestos that caused YOU to suffer any asbestos-related bodily injury, specifying for each claim (a) the identity of the person or entity YOU alleged caused the asbestos exposure and asbestos-related bodily injury, (b) the status of the claim, (c) whether YOU filed a suit against the person or entity RELATING TO the claim, (d) the status of any suit RELATING TO the claim, (e) the date of any settlement RELATING TO the claim, (f) the amount of settlement, and (g) whether the settlement was approved by a court in a good faith determination.

Dated: October 9, 2008

CARROLL, BURDICK & McDONOUGH LLP

By _____
G. David Godwin
Raymond J. Tittmann
Vance A. Woodward
Attorneys for Defendant
The Continental Insurance Company

# Exhibit A

## CERTIFICATE OF INSURANCE

**The Glens Falls Group**
INSURANCE WITH INTEGRITY

GLENS FALLS INSURANCE COMPANY Glens Falls N.Y.
KANSAS CITY FIRE & MARINE INS CO Kansas City Mo

**NAME AND ADDRESS OF INSURED**
ECKLUND INSULATION, INC., 1400 MONTELLO STREET, RENO, NEVADA

**LOCATION OF OPERATIONS TO WHICH THIS CERTIFICATE APPLIES**
RECREATION CENTER, RENO, NEVADA

**DESCRIPTION OF OPERATIONS OR AUTOMOBILES**
PIPE AND DUCT INSULATION

McNEILL - McNEAR
Real Estate-Insurance
1195 So. Wells Ave.
Reno, Nev.-Ph.: FA 3-3167

This certifies that the policies of insurance described below have been issued and are in force. The insurance afforded is only with respect to the coverages indicated by specific limits of liability and is subject to all the terms of the policy having reference to those coverages. If such policies are canceled or changed, written notice will be mailed to the party to whom this certificate is issued, 10 days prior to such change or cancellation.

STOLTE, INC.
501 N. VIRGINIA STREET
RENO, NEVADA

← NAME AND ADDRESS OF PARTY TO WHOM THIS CERTIFICATE IS ISSUED

| POLICY NUMBER | EXPIRATION DATE | COVERAGES AND LIMITS OF LIABILITY |||| KIND OF INSURANCE |
|---|---|---|---|---|---|---|
| | | BODILY INJURY ||| PROPERTY DAMAGE || |
| | | each person | each accident | | each accident | aggregate | |
| | | $ | $ | x x x | $ | $ | Manufacturers or Contractors Liability |
| | | each person | each accident | | each accident | aggregate | |
| | | $ | $ | x x x | $ | $ | Owners/Contractors Protective Liability |
| | | each person | each accident | aggregate | each accident | aggregate | |
| | | $ | $ | $ | $ | $ | Products Liability |
| | | each person | each accident | | each accident | aggregate | |
| | | $ | $ | x x x | $ | $ | Contractual Liability |
| | | each person | each accident | | each accident | | |
| | | $ | $ | x x x | $ | x x x | Owners, Landlords & Tenants Liability |
| | | each person | each accident | | each accident | | |
| PCL 50-09-?? | 11/14/66 | $ 100,000. | $300,000. | x x x aggregate $300,000. | $ 10,000. | aggregate $ 25,000. | Automobile Liability |
| PCL 50-09-?? | 11/14/66 | each person $ 100,000. | each accident $300,000. | | each accident $ 10,000. | | Comprehensive General Liability |
| | | each person $ | each accident $ | x x x aggregate $ | each accident $ | x x x aggregate $ | Comprehensive Automobile Liability |
| | | As provided by the Workmen's Compensation Law of the State(s) of | | | | | Workmen's Compensation |

**DATE SIGNED**
June 4, 1964

SIGNATURE OF AUTHORIZED REPRESENTATIVE
/s/ ?? McNeill

Form 10209 Rev 11 62   *Applies to the Products Hazard only. Absence of an entry means the Products Hazard is not insured.