1
2
3
4                    UNITED STATES DISTRICT COURT
5                  NORTHERN DISTRICT OF CALIFORNIA
6
7
FRANKLIN HAM and DANA HAM,        )    Case No. 08-1551 SC
8                                 )
            Plaintiffs,           )    ORDER GRANTING IN
9                                 )    PART AND DENYING IN
      v.                          )    PART DEFENDANT'S
10                                )    MOTION FOR MORE
THE CONTINENTAL INSURANCE COMPANY,)    DEFINITE STATEMENT
11 and Does 1 through 50,         )    AND TO STRIKE
                                  )    PLAINTIFFS' PUNITIVE
12           Defendants.          )    DAMAGES CLAIM AND
                                  )    PLAINTIFFS' EXCESS
13 _____ )    LIMITS CLAIM

14 **I.   INTRODUCTION**

15          This matter comes before the Court on the Motion for More

16 Definite Statement and to Strike Plaintiffs' Punitive Damages

17 Claim and Plaintiffs' Excess Limits Claim ("Motion") filed by

18 Defendant Continental Insurance Company ("Continental" or

19 "Defendant").  Docket No. 57.  Franklin Ham and Dana Ham

20 ("Plaintiffs") submitted an Opposition and Defendant submitted a

21 Reply.  Docket Nos. 62, 64.  For the following reasons, the Court

22 GRANTS IN PART and DENIES IN PART Defendant's Motion.

23

24 **II.  BACKGROUND**

25          The Court recited the facts of this case in more detail in

26 the Order Granting in Part and Denying in Part Defendant's Motion

27 to Strike Plaintiffs' Claim for Punitive Damages and to Dismiss

28 Certain Claims ("September 16, 2008 Order").  See Docket No. 35.

*United States District Court*
For the Northern District of California

The parties' familiarity with those facts is assumed and the Court discusses only the facts necessary to the pending Motion.

According to Plaintiffs, Ecklund Insulation, Inc. ("Ecklund") exposed Plaintiff Franklin Ham to asbestos from the early 1960's through the early 1970's. Third Am. Compl., Docket No. 56, ¶ 7. Plaintiffs allege that Continental is the successor in interest to Glens Falls Insurance Company ("Glen Falls") and that Glens Falls insured Ecklund in the 1960's. Id. ¶¶ 5, 6. The policy limit for bodily injury was $100,000 per person and $300,000 per accident. Id. ¶ 5. Although this policy expired in November 1966, Plaintiffs allege that Glen Falls issued additional policies to Ecklund in the years subsequent to 1966. Id. ¶ 6. On August 11, 2006, Plaintiffs filed an action for personal injury in the Superior Court of San Francisco seeking recovery of damages as a result of Franklin Ham's exposure to asbestos. Id. ¶ 8. On August 28, 2006, Plaintiffs filed an amendment to the complaint in the personal injury action substituting Ecklund for the eleventh Doe defendant. Id. ¶ 9. Because of the insurance policies, Ecklund tendered its defense of the personal injury action to Continental, but Continental did not defend Ecklund. Id. ¶ 11. On June 28, 2007, the Clerk of the Court for the Superior Court of San Francisco entered default judgment against Ecklund in the amount of $2,671,000. Id. ¶ 14. On November 5, 2007, Plaintiffs obtained an assignment from Ecklund of all causes of action it had against Continental. See id. Ex. F. Continental did not respond to Plaintiffs' offer to settle the claims. Id. ¶ 15.

In this action, Plaintiffs allege the following claims

United States District Court
For the Northern District of California

2

against Continental: (1) breach of insurance contract; (2) breach of duty to defend; (3) breach of duty to settle; (4) breach of implied covenant of good faith and fair dealing; (5) declaratory relief; and (6) action by third party tort claimant against Continental. See id. ¶¶ 16-46. In the sixth cause of action, Plaintiffs allege that Continental unreasonably refused to pay the judgment against Ecklund, that they were damaged in the sum of $2,671,000, and that they are entitled to punitive damages. Id. ¶¶ 45, 46. Continental contends that Plaintiffs' sixth cause of action is indefinite, and moves to strike the punitive damages claim and the claim for damages in excess of policy limits.

III. **LEGAL STANDARD**

    A. **Motion for More Definite Statement**

"A party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). The test in evaluating a motion under Rule 12(e) is whether the complaint provides the defendant with a sufficient basis to frame his responsive pleadings. See, e.g., Margarita Cellars v. Pac. Coast Packaging, Inc., 189 F.R.D. 575, 578 (N.D. Cal. 1999).

    B. **Motion to Strike**

"The court may strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Fed. R. Civ. P. 12(f). The essential function of a Rule 12(f) motion is to "avoid the expenditure of time and money that must

3

arise from litigating spurious issues by dispensing with those issues prior to trial."  _Fantasy, Inc. v. Fogerty_, 984 F.2d 1524, 1527 (9th Cir. 1993), _rev'd on other grounds_, 510 U.S. 517 (1994).

**IV.  DISCUSSION**

Continental contends that Plaintiffs' sixth cause of action is indefinite because it appears to be a claim by a judgment creditor under section 11580 of the California Insurance Code, but it also contains a claim for punitive damages which requires that the claim be grounded in tort law.  Mot. at 8-9.  Continental moves to strike the claim for punitive damages and the claim for damages in excess of policy limits because judgment creditors are limited to recovery on the policy and subject to its terms and limitations.  Mot. at 13-17.

In response to Continental's concerns about the grounds for its "Action by Third Party Tort Claimant," Plaintiffs submit a proposed Fourth Amended Complaint that splits up the sixth cause of action into a claim for "Breach of Contract with Third Party Beneficiary/Judgment Creditor," and a claim for "Breach of Implied Covenant of Good Faith and Fair Dealing Owed to Judgment Creditor."  Opp'n at 5; Patti Decl. Ex. A ("Proposed Fourth Am. Compl.") ¶¶ 42-52.[1]  Plaintiffs' proposed sixth cause of action for breach of contract does not claim punitive damages, but the proposed seventh cause of action for breach of the implied

---

[1] Steven J. Patti, an attorney at the law offices of Clapper, Patti, Schweizer & Mason, submitted a declaration in support of Plaintiffs' Opposition.  Docket No. 63.  The proposed fourth amended complaint is attached to the declaration.

4

**United States District Court**
For the Northern District of California

covenant of good faith and fair dealing does.  <u>See</u> <u>id.</u>  Plaintiffs

contend that judgment creditors may seek punitive damages against

an insurer who unreasonably fails to pay a final judgment.  Opp'n

at 6.

A.    **Third Party Claims and Judgment Creditor Actions**

As a general rule, absent an assignment of rights or a final

judgment, a third party claimant may not bring a direct action

against an insurance company on the contract because the insurer's

duties flow to the insured.  <u>J.C. Penney Cas. Ins. Co. v. M.K.</u>, 52

Cal. 3d 1009, 1018 (1991); <u>Murphy v. Allstate Ins. Co.</u>, 17 Cal. 3d

937, 943-44 (1976).  There are several exceptions to this general

rule.  For example, once a party has a final judgment against the

insured, the claimant becomes a third party beneficiary of the

insurance policy and may enforce the terms which flow to its

benefit pursuant to section 11580 of the California Insurance

Code.[2]  <u>Murphy</u>, 17 Cal. 3d at 943-944; <u>Hand v. Farmers Ins. Exch.</u>

23 Cal. App. 4th 1847, 1856-58 (Ct. App. 1994).

While an insurer has a duty to the insured to settle within

policy limits when there is a substantial likelihood of recovery

in excess of those limits, that duty does not benefit a judgment

creditor.  <u>See</u> <u>Murphy</u>, 17 Cal. at 940-41, 943-44.  Hence, a

judgment creditor cannot bring a direct action for breach of the

duty to settle, but the insured can assign his cause of action for

---

[2] Section 11580 of the California Insurance Code provides that
"whenever judgment is secured against the insured . . . in an
action based upon bodily injury, death, or property damage, then an
action may be brought against the insurer on the policy and subject
to its terms and limitations, by such judgment creditor to recover
on the judgment."  Cal. Ins. Code § 11580 (b)(2).

United States District Court

For the Northern District of California

breach of the duty to settle to the judgment creditor.  See id. at
942.  Unlike the duty to settle, the insurer's duty not to
withhold in bad faith payment of adjudicated claims runs not only
in favor of the insured but also in favor of the judgment
creditor.  See Hand, 23 Cal. App. 4th at 1858.  Hence, a judgment
creditor can bring an action for breach of the duty to pay.  Id.

**B.   Plaintiffs' Sixth Cause of Action is Indefinite**

By tacking a claim for punitive damages onto its cause of
action entitled "Action by Third Party Tort Claimant," Plaintiffs
made the claim vague and ambiguous and Continental was left
without a sufficient basis to frame a responsive pleading.  On the
one hand, Plaintiffs' sixth cause of action appears to be a claim
by a judgment creditor under section 11580 of the California
Insurance Code.  On the other hand, Plaintiffs' claim for punitive
damages indicates that the action is grounded in tort law.  See,
e.g., Archdale v. Am. Int'l Specialty Lines Ins. Co., 154 Cal.
App. 4th 449, 461 n.13 (Ct. App. 2007)(stating that punitive
damages can only be secured in a tort action).  The Court
therefore GRANTS Defendant's motion for a more definite statement.

**C.   Plaintiffs' Proposed Amendments**

Plaintiffs request that if the Court grants Continental's
Motion, then Plaintiffs should be permitted to amend their
complaint by adding a sixth cause of action for "Breach of
Contract with Third Party Beneficiary/Judgment Creditor," and by
adding a seventh claim for "Breach of Implied Covenant of Good
Faith and Fair Dealing Owed to Judgment Creditor."  Opp'n at 5;
Proposed Fourth Am. Comp. ¶¶ 42-52.  As Continental concedes,

6

**United States District Court**
For the Northern District of California

"[t]he new claims specify and separate the contract and tort theories, which was exactly what Continental sought." Reply at 4. The Court ORDERS Plaintiffs to file within five (5) days an amended complaint that replaces the "Action by Third Party Tort Claimant" with these proposed sixth and seventh causes of action.

D.   **Defendant's Motion to Strike the Claim for Punitive Damages**

Since Plaintiffs' proposed sixth cause of action for "Breach of Contract with Third Party Beneficiary/Judgment Creditor" does not include a claim for punitive damages, the amendment addresses Defendant's concerns to a certain extent. However, Plaintiffs' proposed seventh cause of action for "Breach of Implied Covenant of Good Faith and Fair Dealing Owed to Judgment Creditor" still alleges that Plaintiffs are entitled to punitive damages. Proposed Fourth Am. Compl. ¶ 52. Defendants contend that this new claim for punitive damages should also be stricken. Reply at 1.

The Court is not persuaded by Continental's contention that Plaintiffs cannot seek punitive damages as part of their proposed seventh cause of action. Section 3294 of the California Civil Code provides that "[i]n an action for the breach of an obligation not arising from contract, where it is proven by clear and convincing evidence that the defendant has been guilty of oppression, fraud, or malice, the plaintiff, in addition to the actual damages, may recover damages for the sake of example and by way of punishing the defendant." Cal. Civ. Code § 3294(a). In <u>Jones v. St. Paul Travelers</u>, the court concluded that "even though California Insurance Code § 11580 does not explicitly create a

7

judgment creditor action for punitive damages, plaintiffs are not barred from bringing such a claim under California Civil Code § 3294."  496 F. Supp. 2d 1079, 1087 (N.D. Cal. 2007).  In <u>Murphy</u>, the California Supreme Court stated that "the implied covenant of good faith and fair dealing has become a contract 'term' within the meaning of section 11580."  17 Cal. 3d at 943.  In <u>Hand</u>, the court concluded that a judgment creditor who has become a third party beneficiary by operation of section 11580 could also bring a cause of action for breach of the covenant of good faith and fair dealing on account of the insurer's bad faith refusal to pay the judgment.  23 Cal. App. 4th at 1851.  Furthermore, in <u>Hand</u>, the judgment creditor's breach of the covenant of good faith and fair dealing claim contained a prayer for punitive damages.  <u>Id.</u> at 1852.

Here, Plaintiffs allege in their proposed seventh cause of action that in refusing to pay the default judgment, Continental acted with oppression, fraud, malice, and in conscious disregard of Plaintiffs' rights.  Proposed Fourth Am. Compl. ¶ 46.  If Plaintiffs can show by clear and convincing evidence that Continental acted in this way, then they are entitled to recover punitive damages.

To support its contention that Plaintiffs cannot seek punitive damages, Continental relies primarily on <u>Coleman v. Gulf Insurance Group</u>, 41 Cal. 3d 782 (1986).  That case, however, is distinguishable.  In <u>Coleman</u>, the California Supreme Court determined that third party claimants were not entitled to maintain a cause of action for breach of the covenant of good

8

United States District Court

For the Northern District of California

faith and fair dealing based on an insurance company's alleged bad faith prosecution of an appeal knowing that the appeal was without merit and where the appeal was allegedly prosecuted in order to achieve delay and coerce settlement. Id. at 787-88, 794-95. In Coleman, the plaintiffs had obtained a judgment, but not a final judgment, and the conduct at issue was the insurer's alleged bad faith in pursuing an appeal. See id. at 788-89. The plaintiffs were not judgment creditors and therefore did not enjoy third party beneficiary status. See id. at 795. Here, Plaintiffs are judgment creditors. As third party beneficiaries they can bring a direct action for Continental's alleged bad faith refusal to pay. See Hand, 23 Cal. App. 4th at 1858.

The Court is not persuaded by Continental's attempt to cast doubt upon the reliability of the court's decision in Hand. Continental asserts that in San Diego Housing Commission v. Industrial Indemnity Co., 95 Cal. App. 4th 669, 687-88 (Ct. App. 2002), the court called Hand's holding inconsistent with section 11580 of the California Insurance Code. Reply at 13. This assertion is not accurate. In San Diego Housing Commission, the court was referring to a practice guide's analysis of Hand, and there was no bad faith theory or implied covenant analysis legitimately involved in the case before the court. Id. at 687-88. Similarly, in Hughes v. Mid-Century Insurance Co., the court declined to determine whether Hand accurately states the law. 38 Cal. App. 4th 1176, 1184 (Ct. App. 1995). The court did not disturb Hand's holding that judgment creditors may bring a cause of action for the insurer's breach of its duty to pay. See Hand,

**United States District Court**
For the Northern District of California

23 Cal. App. 4th at 1858.

The Court's ruling is consistent with its previous order striking Plaintiffs' claims for punitive damages. <u>See</u> September 16, 2008 Order at 19. Under California law, punitive damages are not assignable. <u>See</u>, <u>e.g.</u>, <u>Murphy</u>, 17 Cal. 3d at 942; <u>Archdale</u>, 154 Cal. App. 4th at 460 n.10. Here, Plaintiffs' assigned claims do not seek punitive damages. <u>See</u> Third Am. Compl. ¶¶ 22-36; Proposed Fourth Am. Compl. ¶¶ 22-36. However, Plaintiffs' proposed seventh cause of action for breach of the covenant of good faith and fair dealing is not an assigned claim. It is based on Plaintiffs' status as judgment creditors and third party beneficiaries. Therefore Plaintiffs are entitled to seek punitive damages as part of their proposed seventh cause of action. Continental's motion to strike the punitive damages claim is DENIED.

**E.   Defendant's Motion to Strike the Claim for Damages in Excess of Policy Limits**

Continental contends that Plaintiffs are not entitled to claim damages in excess of policy limits. Mot. at 16-17; Reply at 14. Section 11580 of the California Insurance Code expressly states that judgment creditors may recover "on the policy and subject to its terms and limitations." Cal. Ins. Code § 11580(b)(2); <u>see also</u> <u>Murphy</u>, 17 Cal. 3d at 944 (concluding that "section 11580 does not authorize plaintiff to proceed against Allstate for the excess of the judgment over policy limits.").

Plaintiffs respond that the policy limits could cover the entire $2,671,000 judgment because as well as the policy that

1   expired in 1966, Plaintiffs allege that additional policies exist
2   for the years subsequent to 1966.  Opp'n at 10-11; Third Am.
3   Compl. ¶ 6; Proposed Fourth Am. Comp. ¶ 6.  Whether Plaintiffs'
4   claim for the entire judgment exceeds policy limits is a factual
5   question that can be answered through discovery.  Defendant
6   concedes as much by proposing that Plaintiffs should be ordered to
7   amend their prayer for relief to seek $2,671,000 "up to the limits
8   of the alleged policies."  Reply at 14.

9       The Court does not adopt Continental's proposal.  Since
10  factual issues exist concerning the policy limits, and since those
11  limits might be more than the judgment, Plaintiffs are entitled in
12  their complaint to seek the entire judgment as compensatory
13  damages.  However, once those factual issues are resolved, the law
14  is clear that as judgment creditors or third party beneficiaries
15  the Plaintiffs cannot recover the excess of the judgment over
16  policy limits.  Continental's motion to strike the excess limits
17  claim is DENIED.
18  ///
19  ///
20  ///
21  ///
22  ///
23  ///
24  ///
25  ///
26  ///
27  ///
28
                                    11

1    **V.    CONCLUSION**

2         For the reasons stated above, Continental's Motion for More

3    Definite Statement is GRANTED.  Continental's Motion to Strike

4    Plaintiffs' Punitive Damages Claim and Plaintiffs' Excess Limits

5    Claim is DENIED.  Within five (5) days of this Order, Plaintiffs

6    must file the Proposed Fourth Amended Complaint.

7

8         IT IS SO ORDERED.

9

10        Dated: March 2, 2009

11

12                                        _____

13                                        UNITED STATES DISTRICT JUDGE

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28